UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
(Eastern Division)

| | |
|---|---|
| ALANNA DUNN, on behalf of herself and others similarly situated,<br><br>    Plaintiff.<br><br>v.<br><br>CUYAHOGA COUNTY; JOHN AND JANE DOES 1-25,<br><br>    Defendants. | No. 1:23-cv-00364<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Cuyahoga County, Ohio (the "County") has an unlawful policy and practice of detaining people at the Cuyahoga County Jail (the "Jail") after the legal basis for their detention ends.

2. Undersigned counsel are in possession of records from the City of Cleveland (the "Overdetention Records"), which show that in 2021 and 2022, the County overdetained[1] at least 289 people for between one and 56 days after they were entitled to release.[2] These 289 people likely constitute only a fraction of the total number of people overdetained by the County during that period and in the time period that has followed, through the present.

3. The Overdetention Records are limited in scope: they identify individuals who were

---

[1] As the Tenth Circuit explained, "overdetention" has unfortunately become a term of art. It means that a "plaintiff [or class member] has been imprisoned by the defendant for longer than legally authorized, whether because the plaintiff's incarcerative sentence has expired or otherwise." *Moya v. Garcia*, 887 F.3d 1161, 1171 (10th Cir. 2018). Overdetention in jail is a constitutional violation grounded in the due process clause of the Fourteenth Amendment.

[2] *See* Ed Gallek & Peggy Gallek, *Free to go, but still held in Cuyahoga Co Jail: I-Team*, https://fox8.com/news/free-to-go-but-still-held-in-cuyahoga-co-jail-i-team/ (Jan. 19, 2022) (discussing a subset of the Overdetention Records).

1

overdetained at the Jail specifically on charges from the Cleveland Division of Police. But the Cleveland Division of Police is just one of more than 20 law enforcement agencies that detain arrestees at the Jail. Thus, the Overdetention Records likely identify only a portion of the Jail's total overdetained population; they do not include people overdetained at the Jail who were brought in on charges filed by more than 20 of the law enforcement agencies that detain their arrestees at the Jail. There is no reason to believe that the County only overdetained Cleveland Division of Police arrestees.

4. Moreover, the Overdetention Records do not include individuals overdetained since December 2022. Upon information and belief, however, the City of Cleveland continues to send the County monthly overdetention reports because the County continues to overdetain arrestees. Thus, the total number of people the County has overdetained since 2021 is likely significantly larger than the Overdetention Records reflect.

5. Plaintiff Alanna Dunn was arrested by Cleveland Division of Police on March 30, 2021, at around 1:00 a.m. She was subsequently transported to and detained at the Jail. Later that day, the Cleveland Division of Police declined to file criminal charges against her, ending the legal basis for her detention and entitling her to release. Nevertheless, the County continued to detain Ms. Dunn until April 1, 2021, two days after the legal basis for her detention ended.

6. The County's violations are systemic, ongoing, and evince deliberate indifference to the constitutional rights of people detained at the Jail. The City of Cleveland began sending the County monthly overdetention reports in late 2020, notifying the County that it was violating the constitutional rights of people in its custody. Notwithstanding such notice, the City of Cleveland's overdetention reports showed no appreciable decline in the number of monthly overdetentions at the Jail in 2021 and 2022. In fact, the County overdetained more people in December 2022 than it

did in January 2021. The sheer number of overdetentions throughout 2021 and 2022, and the County's failure to remedy its known constitutional violations after receiving repeated notice of them beginning in late 2020, constitutes deliberate indifference.

7. The County's failure to promptly release Ms. Dunn and similarly situated individuals it has no legal basis to continue to detain constitutes a gross due process violation. Freedom from physical detention by one's government "is the most elemental of liberty interests."[3] As such, it is a fundamental and indisputable principle of law that if the government's basis to detain an individual has ended, the individual must be released from custody within a reasonable period of time.[4] Cuyahoga County, however, routinely ignores and violates this basic principle of due process.

8. Ms. Dunn brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress violations of her and Class Members' rights under the Fourteenth Amendment to the United States Constitution. She seeks monetary damages on behalf of herself and a proposed class.

## PARTIES

9. Plaintiff Alanna Dunn has lived in Cuyahoga County her entire life. As a result of Defendants' unconstitutional policies and practices, Ms. Dunn was subjected to two days of unlawful detention.

10. Defendant Cuyahoga County, Ohio is a political subdivision organized under the laws of the State of Ohio. Cuyahoga County can be sued in its own name, pursuant to Ohio Rev.

---

[3] *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

[4] *E.g., Berry v. Baca*, 379 F.3d 764, 773 (9th Cir. 2004) ("[P]laintiffs possessed a constitutional right to freedom from imprisonment [within] a reasonable time after they were judicially determined to be innocent of the charges against them.").

Code Ann. § 2744.02. Cuyahoga County operates and administers the Cuyahoga County Jail, by and through the Cuyahoga County Sheriff's Office.

11. The DOE Defendants include individuals who supervised and/or participated in the conduct complained of herein. Plaintiff is informed, believes, and therefore alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused said incidents, injuries, and damages by reason of their personal negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiff reserves the right to amend this Complaint to insert further charging allegations when such facts are ascertained.

12. In doing the acts and/or omissions alleged herein, Defendants each acted as the agent, servant, employee and/or in concert with each other Defendant.

## JURISIDCTION

13. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

14. Venue is proper under 28 U.S.C. § 1391. Defendant Cuyahoga County is a political subdivision located in this District. The events giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

15. Pursuant to Local Rule 3.8, this action is properly assigned to the Eastern Division of this Court.

## STATEMENT OF FACTS

**I. Defendant Cuyahoga County overdetained at least 289 people during 2021 and 2022. Despite receiving repeated notice that it was overdetaining people at the Jail, the County has not remedied its constitutional violations.**

16. Almost all people arrested in Cuyahoga County, including those arrested by Cleveland Division of Police and more than 20 other law enforcement agencies within the County, get detained at the Cuyahoga County Jail.[5]

17. Individuals detained at the Jail on Cleveland Division of Police charges therefore constitute only a portion of the Jail's total population.

18. Records from the City of Cleveland show that in 2021 and 2022, the County overdetained 289 people (159 in 2021 and 130 in 2022) who were held at the Jail on charges

---

[5] The County began detaining Cleveland Division of Police arrestees in 2018 as part of its plan to regionalize all local jails under the County's authority. The regionalization plan failed spectacularly, and resulted in criminal charges against Jail officials. *See*, *e.g.*, Drew Scofield, *Former Cuyahoga County Jail Director Ken Mills to get New Trial*, https://www.news5cleveland.com/news/local-news/oh-cuyahoga/former-cuyahoga-county-jail-director-ken-mills-to-get-new-trial (Nov. 10, 2022).

One County official admitted that the County expected "paperwork issues" to arise after the influx of new arrestees at the Jail. *See* Courtney Astolfi & Adam Ferrise, *What's the Story Behind How the Cuyahoga County Jail became One of the Worst in the Nation*, https://www.cleveland.com/metro/2018/11/whats-the-story-behind-how-the-cuyahoga-county-jail-became-one-of-the-worst-in-the-nation-a-drive-for-money-a-clevelandcom-investigation-finds.html (Nov. 23, 2018). According to reporters, the paperwork issues led to detainees "being jailed for several days without seeing a judge or being formally charged with a crime." *Id.* The County eventually put the regionalization plan on hold—but continued detaining arrestees from Cleveland and other cities—because, according to one County official, "it doesn't make sense [for the Jail] to add more prisoners if we can't handle them." *Id.* The County's inability to handle the influx of new arrestees likely caused or contributed to the overdetentions at issue.

brought by the Cleveland Division of Police.

19. This number (289) likely constitutes only a portion of the total number of people the County overdetained during 2021 and 2022 because it does not account for anyone who the County may have overdetained at the Jail on charges brought by the more than 20 other law enforcement agencies that send arrestees to the Jail.

20. The Overdetention Records show that the 289 individuals identified were overdetained at the Jail for one to as many as 56 days in 2021 and 2022.

21. Starting at least as early as December 2020, the City of Cleveland began sending monthly reports to the County naming people brought into the Jail on Cleveland Division of Police charges who the County overdetained.

22. **Table 1** shows the number of people brought into the Jail on Cleveland Division of Police charges whom the County overdetained each month in 2021 and 2022, based on the Overdetention Records.

**Table 1: 2021-2022 Cuyahoga County Jail
Overdetentions of People Held on Cleveland Division of Police Charges**

| Month | Number of people overdetained |
|---|---|
| January 2021 | 15 |
| February 2021 | 13 |
| March 2021 | 14 |
| April 2021 | 7 |
| May 2021 | 8 |
| June 2021 | 14 |
| July 2021 | 15 |
| August 2021 | 26 |
| September 2021 | 8 |
| October 2021 | 10 |

| | |
|---|---|
| November 2021 | 12 |
| December 2021 | 17 |
| January 2022 | 6 |
| February 2022 | 13 |
| March 2022 | 16 |
| April 2022 | 6 |
| May 2022 | 1 |
| June 2022 | 0 |
| July 2022 | 14 |
| August 2022 | 18 |
| September 2022 | 7 |
| October 2022 | 16 |
| November 2022 | 12 |
| December 2022 | 21 |
| **Total** | **289** |

23. **Table 1** also shows that, despite receiving monthly reports indicating that it was systematically violating the constitutional rights of people in its custody, the County did not remedy its overdetention problem.

24. The County's receipt of monthly overdetention notices did not result in any appreciable decline in the overdetention of people brought into the Jail on charges from the Cleveland Division of Police during the course of 2021 or 2022.

25. In 2021, the County overdetained the most people in August, at least seven months after Cleveland first notified it that it was systematically overdetaining people in its custody.

26. In December 2021, approximately a year after Cleveland first notified the County that it was systematically overdetaining people at the Jail, the County overdetained 17 people

brought in on Cleveland Division of Police charges, two more people than it overdetained in January 2021.

27. The County continued overdetaining people brought in on Cleveland Division of Police charges in 2022.

28. In 2022, the County overdetained 130 people brought in on Cleveland Division of Police charges.

29. During March 2022 (16 overdetentions), August 2022 (18 overdetentions), October 2022 (16 overdetentions), and December 2022 (21 overdetentions), the County overdetained more people brought in on Cleveland Division of Police charges than it did in January 2021 (15 overdetentions), which, upon information and belief, is one of the first months by which the County was on notice that it was overdetaining people in its custody.

30. The sheer number of people the County overdetained in 2021 and 2022 (289) shows that the County has a persistent and widespread practice of unconstitutionally detaining people well after they are entitled to release.

31. The County's failure to cure the systematic and unconstitutional overdetention of people in its custody, despite repeatedly being notified of its constitutional violations, constitutes deliberate indifference.

32. The County's widespread and systemic overdetention of people in its custody results in serious harm. Even a single additional night in jail can severely disrupt a person's life and have lasting destabilizing and traumatic effects. Among other consequences, "[p]retrial

confinement may imperil [a person's] job, interrupt his source of income, and impair his family relationships."[6]

### II. Cuyahoga County detained Plaintiff Alanna Dunn for two days after the legal basis for her detention ended.

33. Ms. Dunn was arrested by the Cleveland Division of Police on March 30, 2021, at around 1:00 a.m.

34. She was subsequently booked into and detained at the Cuyahoga County Jail, where she remained for the duration of her detention.

35. According to records from the City of Cleveland, the Cleveland Division of Police declined to file criminal charges against Ms. Dunn on March 30, 2021, at 4:00 p.m., ending the legal basis for her detention.

36. At the time the Cleveland Division of Police declined to file criminal charges against Ms. Dunn, no criminal holds[7] or warrants justified her continued detention.

37. Upon information and belief, the Cleveland Division of Police decision not to file criminal charges against Ms. Dunn is entered into the Law Enforcement Records Management System (an interagency electronic database) and is immediately available to the County. The County, however, failed to release Ms. Dunn within a reasonable amount of time after the Cleveland Division of Police declined to file criminal charges against her.

38. Rather, the County detained Ms. Dunn for two additional days—until April 1, 2021,

---

[6] *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); *see also In re Humphrey*, 11 Cal. 5th 135, 147, 482 P.3d 1008, 1015 (2021) ("Studies suggest that pretrial detention heightens the risk of losing a job, a home, and custody of a child." (citing cases)).

[7] A "criminal hold" is a written demand from another jurisdiction to the Cuyahoga County Sheriff asking that it keep an individual in its custody until the other jurisdiction can pick up the individual and take her into custody.

9

at 2:37 p.m.—before finally releasing her from the Jail.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this case as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all people from February 23, 2021, through the present whom the Cuyahoga County Sheriff failed to release from the Jail within two hours after the basis for their detention ended (the "Class").

40. A class action is a superior means, and the only practicable means, by which Plaintiff and unknown Class Members can challenge Defendant's unlawful overdetention policy and practice.

41. This action is brought and may properly be maintained as a class action pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

### I. Numerosity. Fed R. Civ. P. 23(a)(1)

43. The individuals in the Class are so numerous that joinder of all members would be impracticable.

44. Records from the City of Cleveland show that the County overdetained at least 289 people at the Jail in 2021 and 2022. As explained *supra*, this number likely constitutes only a portion of the County's total number of overdetentions during that period, and it does not account for the entire class period.

45. The proposed Class therefore numbers in at least the hundreds, if not thousands.

46. Because joinder of hundreds or thousands of plaintiffs would be impracticable, the proposed class satisfies the numerosity requirement.

### II. Commonality. Fed. R. Civ. P. 23(a)(2)

47. Plaintiff seeks relief that is common to the Class and common questions of law and fact exist as to the Class. Plaintiff seeks relief for Defendants' policy and practice of systematically overdetaining people in the Jail, which turns on a common question concerning whether such overdetention violates Class Members' constitutional rights.

48. Common legal and factual questions arise from one central scheme: Defendants' policy and practice of detaining arrested persons for more than two hours after the legal basis for their detention ends.

49. Resolution of common legal and factual issues will determine whether all of the Class Members are entitled to the relief that they seek. Among them are:

   a. Whether Defendant maintains or maintained constitutionally adequate procedures to ensure that people in its custody are and were released within a reasonable time after the legal basis for their detention ended;

   b. Whether Defendant maintains or maintained a policy and practice of detaining people for more than two hours after the legal basis for their detention ends; and

   c. Whether it violates the United Sates Constitution to detain people for more than two hours after the legal basis for their detention ends.

### III. Typicality. Fed. R. Civ. P. 23(a)(3)

50. Plaintiff's claims are typical of Class Members' claims. Plaintiff and each Class Member were detained at the Jail, during which time the legal basis for their detention ended. Nevertheless, Defendants continued to detain Plaintiff and Class Members at the Jail for more than two hours after the legal basis for their detention ended.

51. Answering whether Defendants maintain an unlawful policy and practice of detaining arrested persons for an unreasonable period of time after the legal basis for their detention ends will determine the claims of Plaintiff and every Class Member.

52. A ruling that Defendants' policy and practice violated Plaintiff's constitutional rights will benefit every Class Member.

### IV.     Adequacy. Fed. R. Civ. P. 23(a)(4)

53. Plaintiff is an adequate representative of the Class because her interest in the vindication of the legal claim that she raises is entirely aligned with the interest of the other Class Members, each of whom has the same constitutional claim. Plaintiff is a member of the Class and there are no known conflicts of interest between her and the members of the Class, all of whom have an interest in vindicating their constitutional rights.

54. Plaintiff is represented by undersigned counsel, who have experience litigating complex civil rights matters and class actions in federal court and have extensive knowledge of the challenged policy and practice, as well as relevant constitutional law.

55. Counsel have devoted significant time and resources to becoming intimately familiar with the challenged scheme and with the relevant federal laws and procedures that can and should govern it. The interests of the Class Members will be fairly and adequately protected by Plaintiff and her attorneys.

### V.     Predominance and Superiority. Fed. R. Civ. P. Rule 23(b)(3)

56. Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact predominate over individual ones and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

57. This case turns, for every Class Member, on whether Defendants' policy and practice is unlawful.

58. The common questions of law and fact listed above are dispositive questions in the case of every Class Member and will predominate over any individual questions.

59. The question of liability can therefore be determined on a class-wide basis. Class-wide treatment of liability, rather than individual suits by hundreds or thousands of Class Members, is a far superior method of determining the content and legality of Defendants' scheme.

60. Plaintiff knows of no special difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

61. The question of damages will be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending on the amount of time the individual was overdetained.

62. Determining damages for individual Class Members can be handled in a ministerial fashion based on the County's official electronic records, which will show the length of unlawful overdetention.

## CLAIMS FOR RELIEF

### Claim I
### Substantive Due Process
### Fourteenth Amendment to the United States Constitution
### 42 U.S.C. § 1983

63. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

64. Defendants, acting under color of law, have enacted and enforced a policy and practice of overdetaining people for as many as 56 days after the legal basis for their detention ends.

65. Defendants' policy and practice of detaining individuals for an unreasonable period after the legal basis for their detention ends is systemic, widespread, and constitutes deliberate indifference to Plaintiff and Class Members' constitutional rights in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

66. As a direct and proximate cause of Defendants' unlawful policy and practice, Plaintiff Alanna Dunn, and a class of similarly situated individuals whom she seeks to represent, suffered violations of their constitutional rights and are entitled to monetary damages for their injuries.

**Claim II**
**Procedural Due Process**
**Fourteenth Amendment to the United States Constitution**
**42 U.S.C. § 1983**

67. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

68. Defendants, acting under color of law, have failed to provide adequate procedural protections to ensure that people held at the Jail are not detained for an unreasonable period of time after the legal basis for their detention ends in violation of their most elemental liberty interest—freedom from physical detention.

69. Defendants' failure to provide adequate safeguards to ensure that they do not continue to incarcerate people who are entitled to release constitutes deliberate indifference and violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

70. As a direct and proximate cause of Defendants' unlawful policy and practice, Plaintiff Alanna Dunn, and a class of similarly situated individuals whom she seeks to represent, suffered violations of their constitutional rights and are entitled to monetary damages for their injuries.

## JURY DEMAND

71. Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alanna Dunn, on behalf of herself and the proposed Class, demands a jury trial for all issues so appropriate and requests that this Court order the following relief:

A. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff Alanna Dunn as representative for the Class, and appointing her counsel as counsel for the Class;

B. Enter a judgment compensating Plaintiff and the Class Members for the damages that they suffered as a result of Defendants' unconstitutional and unlawful conduct in an amount to be determined at trial;

C. Award the Plaintiff and the Class Members punitive damages against the individual defendants and/or each of them, to be determined according to proof;

D. Award pre- and post-judgment interest as permitted by law;

E. Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 1964; and

F. Grant such other and further relief as this Court deems just and proper.

DATED this 23rd day of February 2023        Respectfully submitted,

                                                    /s/ Drew Legando
                                                   Drew Legando (0084209)
                                                   Merriman Legando Williams & Klang, LLC
                                                   1360 West 9th Street, Suite 200
                                                   Cleveland, Ohio 44113
                                                   drew@merrimanlegal.com
                                                   216-522-9000

Akeeb Dami Animashaun*
14 Wall Street, Suite 1603
New York, NY 10005
animashaun@pm.me
929-266-3971

Hughes Socol Piers Resnick & Dym Ltd.
Kate Schwartz*
Caryn Lederer*
Emily Brown*
70 W. Madison Street, Suite 4000
Chicago, IL 60602
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com
312-580-0100

Justice Catalyst Law
Lucy B. Bansal*
Janet Herold*
40 Rector Street, Floor 9
New York, NY 10006
LBansal@justicecatalyst.org
JHerold@justicecatalyst.org
518-732-6703

**Pro hac vice* applications forthcoming