UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALANNA DUNN<br><br>    Plaintiff<br><br>v.<br><br>CUYAHOGA COUNTY, *et al.*<br><br>    Defendants | Case No. 1:23-cv-00364<br><br>Judge Bridget Meehan Brennan |

**JOINT STATUS REPORT RE: SETTLEMENT AND DISCOVERY**

In preparation for the upcoming status hearing scheduled to take place on January 11, 2024 at 10:30 a.m., the parties to the above-captioned case jointly submit the following status report.

**1.    Discovery Among the Parties**

The parties have continued to work diligently and cooperatively to make progress on discovery. Since the last status hearing in this matter on October 27, 2023, Defendant has made numerous document productions, but many documents have yet to be produced due to the large volume of ESI and need for paper documents to be reviewed and produced. To date Defendant has produced approximately 332,812 pages of paper documents and considerable emails. Defendant's completed and outstanding discovery is discussed below by category:

   a. ***ESI (Boolean Searches)***:  The parties agreed on nine targeted Boolean searches that Defendant would apply to approximately two dozen ESI custodians.  To date, Defendant has produced complete sets of responsive documents resulting from two of the nine Boolean searches, and an incomplete set of responsive documents resulting from a third Boolean search, totaling over 7,000 documents.[1]  Defendant will continue production of

---

[1] As to the third Boolean search, Defendant intends to produce a second batch of responsive documents with privileged content redacted by January 19, 2024.

the responsive ESI resulting from the outstanding Boolean searches on a rolling basis, with an anticipated completion date of February 2, 2024. Plaintiff cannot begin depositions until Defendant's ESI productions are complete, and because only a fraction of the ESI has been produced, Plaintiff cannot currently estimate how long review of the entire ESI production will take.

b. *Paper Files*:  The parties previously agreed that Defendant would produce a sample of detainee release files from eight months of the putative class period given the burdens of production (which entailed Defendant reviewing each file for "confidential" and "sealed" information and preparing and scanning the files).  As of this week, Defendant has produced all eight months of detainee release files.  Defendant plans to make one final supplemental production of release files by the end of this week.

c. *ESI (Generic Email Inboxes)*:  The parties agreed that Defendants would produce the contents of six generic County email inboxes that are used to communicate detainee release information for eight specified months (corresponding with the eight sample months of detainee paper files).  To date, Defendant has produced the complete contents of three out of the six total generic email inboxes.  During a meet-and-confer on January 8, 2024, Defendant informed Plaintiff that two of the other three generic email addresses initially contemplated for production (pertaining to copies and scans) do not have a single inbox from which to pull ESI, and that the contents of the applicable emails will entail large quantities of irrelevant scans and copies.  Defendant represented that the relevant emails are likely to be captured by the remaining Boolean email searches.  Accordingly, the parties will revisit these two generic email inboxes after production of the remaining ESI.  As to production of the third outstanding generic email inbox (pertaining to SCRAM registration), Defendant informed Plaintiff on January 8, 2024 that the County is not the custodian of the application that sends the emails at issue.  The parties agreed that the County should identify which Records custodians received the applicable SCRAM

registration emails and pull the applicable email production from those custodians' inboxes. Defendant anticipates completing that production by February 2, 2024.

d. ***Written Response to Request for Production***: Defendant produced its written responses to Plaintiffs RFP on January 9, 2024. Defendant will supplement its written answers as necessitated by its continued rolling production of documents and with all privilege logs by February 2, 2024.

e. ***Database productions***: Defendant has completed its initial production of data from its jail management system (IMACS) and the court management system to which it has access (Proware/CJIC). In the near future, Plaintiff anticipates asking Defendant to provide some outstanding data points needed to fully analyze the database productions and to supplement its data production so that the data will be as current as possible.

f. ***Grievance Files***: Defendant has completed its initial production of electronically submitted detainee grievances for 2021, 2022, and 2023. Defendant has not yet produced earlier grievances submitted on paper before the County switched to an electronic grievance system. The parties have agreed to revisit this issue later in fact discovery.

2. **Non-Party Discovery**

Plaintiff anticipates filing a motion to compel compliance with a subpoena that she recently reissued to the City of Cleveland. The subpoena seeks data from the City's law enforcement and court management systems, concerning release triggering information for Cleveland arrestees detained at the County Jail. Plaintiff sought this information from the City after Defendant advised her and this Court that it did not have administrative access to the electronic databases in which the information was stored. (*See* ECF 23 ("The County has no authority or administrative control over the City of Cleveland's law enforcement records management system (LERMS) or any municipal, village, or other political subdivision's law enforcement records system.").)

Plaintiff issued her original subpoena to Cleveland on November 9, after more than two months of discussions with the City about the proposed subpoena's scope. Based on their

discussions, Plaintiff expected the City to, at a minimum, produce the release triggering data that she could not obtain from the County. The City, however, refused to produce any data or information in response to the subpoena. Following a telephonic meet and confer, as well as correspondences by letter, Plaintiff reissued the subpoena, explicitly limiting its document request to release triggering data that only the City can produce. Based on prior communications, Plaintiff anticipates that the City will again object to producing any data or information in response to her narrowed subpoena, and she will have to move to compel production of these critical documents.

3. **Settlement**

The parties remain mutually interested in exploring an early settlement. Plaintiff anticipates making a settlement demand by February 16, 2024, after Plaintiff has finished compiling and analyzing the contents of Defendant's database production (discussed in part 1(e) above), which Plaintiff has been working to complete over approximately the last month.[2] Plaintiff cannot make a definitive settlement demand without data that is currently in the sole possession of the City of Cleveland (see part 2, above). However, when completed, Plaintiff's analysis of the data produced by Defendant will serve as a sufficient starting point to explore an early settlement of this case. Defendant's counsel anticipates that upon receipt of a settlement demand in mid-February, he will be able to seek authority in early March to participate in a settlement conference.

4. **Case Management Deadlines**

Given the current status of outstanding discovery, the parties respectfully request that the Court schedule another status conference in early April 2024, at which time the parties anticipate

---

[2] To provide further background: Plaintiff informed Defendant on November 13, 2023, that some recuring discrepancies in the data Defendant produced would make it extremely difficult for Plaintiff to cross-reference and analyze the data. Plaintiff, therefore, requested that Defendant reproduce certain data so all booking, bond, and release data would include either a Booking ID Number or Case Number. On December 1, 2023, Defendant confirmed it could regenerate release reports from IMACS with the additional information necessary for Plaintiff to cross reference that data with data from the court management systems. Defendant produced the regenerated IMACS reports on December 7, 2023. Since then, Plaintiff has been in the process of compiling and analyzing the data to assess the size and scope of the putative class.

being able to inform the court whether the parties intend to engage in mediation or, alternatively, propose a fact discovery deadline.

Respectfully submitted,

| | |
|---|---|
| Drew Legando (0084209)<br>MERRIMAN LEGANDO WILLIAMS & KLANG, LLC<br>1360 West 9th Street, Suite 200<br>Cleveland, Ohio 44113<br>T. (216) 522-9000<br>F. (216) 522-9007<br>E. drew@merrimanlegal.com<br><br>Akeeb Dami Animashaun<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>T. (929) 266-3971<br>E. animashaun@pm.me<br><br>Kate Schwartz<br>HUGHES SOCOL PIERS RESNICK & DYM LTD.<br>70 W. Madison Street, Suite 4000<br>Chicago, Illinois 60602<br>T. (312) 580-0100<br>E. kschwartz@hsplegal.com<br><br>Janet Herold<br>JUSTICE CATALYST LAW<br>40 Rector Street, Floor 9<br>New York, New York 10006<br>T. (518) 732-6703<br>E. jherold@justicecatalyst.org<br><br>*Counsel for Plaintiff & Proposed Class* | BRENDAN D. HEALY (0081225)<br>bhealy@prosecutor.cuyahogacounty.us<br>Phone: (216) 698-6447<br>JAKE A. ELLIOTT (0093521)<br>jelliott@prosecutor.cuyahogacounty.us<br>Phone: (216) 443-5756<br>Cuyahoga County Prosecutor's Office<br>1200 Ontario Street, 8th Floor<br>Cleveland, Ohio 44113<br><br>*Counsel for Defendant Cuyahoga County* |