UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALANNA DUNN<br><br>    Plaintiff<br><br>v.<br><br>CUYAHOGA COUNTY, *et al.*<br><br>    Defendants | Case No. 1:23-cv-00364<br><br>Judge Bridget Meehan Brennan |

**JOINT STATUS REPORT RE: SETTLEMENT AND DISCOVERY**

In preparation for the upcoming status hearing scheduled to take place on March 14, 2024, the parties to the above-captioned case jointly submit the following status report.

**1.   Discovery Among the Parties**

*Previously Outstanding Discovery*

Defendant has completed its production of most discovery that was outstanding at the time of the parties' previously filed status report, with the exception of: (1) emails sent to the County's generic SCRAM registration inbox during eight agreed sample months;[1] (2) emails sent to the County's generic email addresses for copies and scans during eight agreed sample months; and (3) grievances submitted in paper format from 2019 to 2021 by individuals detained at the Jail. The parties previously agreed to revisit the necessity of items 2 and 3 in the aforementioned list, and Plaintiff is not presently pursuing their production, although she reserves the right to do so later in discovery as appropriate. As to item 1, Defendant is in the process of identifying the Records custodians who regularly received SCRAM registration emails. Defendant anticipates producing

---

[1] The County and entities with which it contracts for electronic monitoring services use the SCRAM registration inbox to communicate about requests for and fitting of electronic monitoring devices for individuals for whom electronic monitoring is a condition of release from the Jail.

the eight-month sampling of SCRAM registration emails located in those custodians' inboxes by April 2, 2024.

### *Newly Outstanding Discovery*

On March 7, 2024, Plaintiff's counsel requested supplemental documents from Defendant reflecting when people released from the Jail pursuant to non-Cleveland municipal court orders, bonds, and police requests were entitled to be released. This information largely cannot be ascertained from data that has been or will be produced by the County or third parties. Counsel for the parties conferred about this issue by phone on March 8, 2024, and Defendant agreed to supplement its prior eight-month sample production of emails in the County's generic SHCOURT inbox, where release information is sent by municipalities who use the County Jail. Specifically, Defendant will produce the contents of the County's SHCOURT inbox for all remaining months in the class period, from February 2021 through the present, that were not included in the County's prior eight-month sample production. Defendant anticipates producing these documents by April 2, 2024.

Additionally, Plaintiff will be serving Defendant with her Second Request for Production of Documents this week. The County's response to the document requests contained therein will be due in mid-April.

**2.    Non-Party Discovery**

Plaintiff's counsel has been conferring with Assistant Director of Law, Dylan Ford, counsel for the City of Cleveland (the "City"), regarding Plaintiff's subpoena for data from the City's law enforcement system (LERMS) and court management system (Odyssey) concerning release triggering information for City arrestees detained at the County Jail.

On February 14, 2024, the City agreed to produce release data for all persons in LERMS during the requested timeframe. Mr. Ford also agreed to arrange a meeting with Tod Wiles—one of the City's crime analysts—to discuss whether the City can produce disposition *times* for all such persons' release triggering events, notwithstanding that the default compilation of LERMS data only includes a field for disposition *date*. The City produced the LERMS data (without disposition

times) on February 26, 2024. To date, however—despite follow up requests from Plaintiff's counsel on February 27, February 29 and March 6—the City has not made Mr. Wiles available for a meeting with Plaintiff's counsel. On March 6, 2024, Mr. Ford represented that he would be elevating the matter to Mr. Wiles's lieutenant. Plaintiffs' counsel awaits a further update from Mr. Ford and expects to discuss this matter with him in the near future.

With respect to data stored in Odyssey, Mr. Ford informed Plaintiff's counsel on February 14, 2024, that the City does not have administrative access to the Odyssey system and, thus, cannot generate a spreadsheet showing when Cleveland bonds were paid or when Cleveland release orders were entered. Mr. Ford instructed Plaintiff's counsel to subpoena the Clerk of Cleveland Municipal Courts ("Cleveland Clerk") for such data. Plaintiff served a subpoena on the Cleveland Clerk on February 16, 2024, with a return date of March 8, 2024. On March 1, 2024, Mr. Ford informed Plaintiff's counsel that he would be handling the Cleveland Clerk's subpoena response. On March 7, Mr. Ford advised Plaintiff's counsel that he would be meeting with director of the Cleveland Municipal Court's criminal division on March 8, to determine which records from Odyssey can be produced. Plaintiffs' counsel awaits a further update from Mr. Ford and expects to discuss this matter with him in the near future.

3. **Settlement**

Plaintiff sent Defendant a settlement demand on February 27, 2024. Plaintiff's settlement demand letter proposed a settlement structure, which is comprised of four subclasses, but because necessary release data remains outstanding from numerous sources,[2] Plaintiff was only in a position to demand a definitive settlement *amount* as to one of those subclasses—specifically: the Common Pleas Court Subclass, which encompasses people overdetained after posting a bond or receiving a release order in the County's Common Pleas Court.

---

[2] As discussed above, in Sections 1 and 2, Plaintiff continues to await: (1) complete LERMS release data from the City of Cleveland, (2) all Odyssey release data from the Clerk of Cleveland Municipal Courts, and (3) a supplemental production of release request emails sent to the County by non-Cleveland municipalities. This data will collectively enable Plaintiff to identify the members of the other three subclasses in its proposed settlement class.

On March 8, 2024, Defendant's counsel informed Plaintiff's counsel that while Defendant remains interested in mediation, Defendant cannot respond to an incomplete demand and prefers for Plaintiff to finish determining the entire settlement class before agreeing to participate in a mediation.

**4.** **Case Management Deadlines**

The parties propose setting a fact discovery deadline of December 16, 2024. The proposed deadline accounts for the following factors: (1) written discovery, including significant non-party discovery needed to identify putative class members ("Release Data"), is ongoing and will take approximately two more months to complete; (2) after obtaining all outstanding Release Data, Plaintiff will need approximately four to six weeks to cull and evaluate the data[3] and make a complete settlement demand, after which the parties anticipate focusing a discreet period of time exploring a class-wide settlement; (3) should the parties not achieve a settlement, Plaintiff anticipates taking approximately 20 depositions[4] and Defendant will depose the Plaintiff; (4) Plaintiff's out-of-town counsel will need to travel for many of the depositions in this case, which will impact scheduling and may require the parties to build in some additional time to complete oral discovery.

Respectfully submitted,

---

[3] Identifying the putative class members who were overdetained after being released by a non-Cleveland municipality will be particularly time and labor intensive, as Plaintiff will need to: run searches across the County's complete production of emails from its SHCOURT inbox to determine who was released by a non-Cleveland municipality in the first instance and then manually review all such individuals' paper release documents to determine the date and time of the disposition or event triggering their entitlement to release.

[4] For reference, Defendant identified two dozen relevant County ESI custodians, and in addition to taking many of their depositions, Plaintiff also anticipates deposing some relevant non-parties.

<div style="display: flex;">

<div style="width: 50%;">

Drew Legando (0084209)  
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC  
1360 West 9th Street, Suite 200  
Cleveland, Ohio 44113  
T. (216) 522-9000  
F. (216) 522-9007  
E. drew@merrimanlegal.com

Akeeb Dami Animashaun  
355 South Grand Avenue, Suite 2450  
Los Angeles, California 90071  
T. (929) 266-3971  
E. animashaun@pm.me

Kate Schwartz  
HUGHES SOCOL PIERS RESNICK & DYM LTD.  
70 W. Madison Street, Suite 4000  
Chicago, Illinois 60602  
T. (312) 580-0100  
E. kschwartz@hsplegal.com

Janet Herold  
JUSTICE CATALYST LAW  
40 Rector Street, Floor 9  
New York, New York 10006  
T. (518) 732-6703  
E. jherold@justicecatalyst.org

*Counsel for Plaintiff & Proposed Class*

</div>

<div style="width: 50%;">

BRENDAN D. HEALY (0081225)  
bhealy@prosecutor.cuyahogacounty.us  
Phone: (216) 698-6447  
JAKE A. ELLIOTT (0093521)  
jelliott@prosecutor.cuyahogacounty.us  
Phone: (216) 443-5756  
Cuyahoga County Prosecutor's Office  
1200 Ontario Street, 8th Floor  
Cleveland, Ohio 44113

*Counsel for Defendant Cuyahoga County*

</div>

</div>