# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Alanna Dunn, *et al.* | Case No. 1:23-cv-00364 |
| Plaintiffs | Judge Bridget Meehan Brennan |
| v. | |
| Cuyahoga County, *et al.* | |
| Defendants | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Alanna Dunn, Adam Day, Jason Wilson, Cameron Leonard, and Eric Zeider (collectively "Plaintiffs"), by their undersigned counsel, hereby move to certify their claims against Defendant Cuyahoga County pursuant to Rule 23(b)(3) or alternatively Rule 23(c)(4) of the Federal Rules of Civil Procedure on behalf of themselves and members of a proposed Class, defined below. In support of their Motion, Plaintiffs have separately filed Plaintiffs' Memorandum in Support of Motion for Class Certification ("Memorandum") and exhibits thereto, and further state as follows:

1. Plaintiffs are people who were detained pretrial in the Cuyahoga County Jail (the "Jail") and held there for 18 to 41 hours after they were entitled to be released from custody.

2. On September 17, 2024, Plaintiffs filed their First Amended Complaint (Dkt. 39), alleging that Defendant's systemic and ongoing failure to timely release them and other similarly situated pretrial detainees from the Jail after the basis for their detention ended violated their substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

1

3. As detailed in Plaintiffs' accompanying Memorandum, Defendant Cuyahoga County's Sheriff's Department ("CCSD") has long known that it routinely fails to release pretrial detainees with Cleveland Municipal Court cases ("Cleveland Detainees") and Cuyahoga County Court of Common Pleas cases ("County Detainees") within a reasonable time after the basis for their detention ends (*i.e.* "overdetains" them). These overdetentions are caused by CCSD's lack of adequate policies and procedures to ensure: release paperwork is timely received and processed, checks and failsafe measures are implemented to timely identify errors, and discipline is issued to prevent staff from repeating errors in the future. CCSD's failure to improve its deficient or non-existent release policies and procedures or to implement any comprehensive plan to resolve its overdetention problem, despite knowing the problem has persisted for years, constitutes deliberate indifference.

4. Also as set forth in Plaintiffs' Memorandum, this case is appropriate for class certification under Fed. R. Civ. P. 23(b)(3) because a determination as to whether CCSD's inadequate policies and procedures constitute deliberate indifference to detainees' constitutional rights will drive class-wide resolution of the case. The proposed Class satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3). Alternatively, this Court should at least certify the core issue of whether CCSD's inadequate policies and practices for receiving release paperwork and processing the releases of pretrial Cleveland and County Detainees constitute deliberate indifference for classwide resolution under Rule 23(c)(4).

5. Plaintiffs bring their claims on behalf of the following proposed Class:

From February 23, 2021, through the present, all pretrial Cleveland and County Detainees who, when the basis for their pretrial detention ended (*i.e.* who had no other pending charges when they: were released with no formal charges, were ordered released, paid or were issued a bond, or were being detained solely on a minor misdemeanor or personal bond eligible charge),[1] either:

> 1) had no Holds,[2] and were not released from the Jail within 12 hours after the basis for their detention ended; or
>
> 2) had only a Booking Hold (*i.e.*, a hold for completion of a booking step, such as DNA, photos, or fingerprints), and were not released from the Jail within 12 hours after the basis for their detention ended; or
>
> 3) had only a Monitoring Device Hold (*i.e.*, a hold for installation of a GPS or SCRAM monitor) for a Cleveland Municipal Court Case, and were not released from the Jail within 12 hours after installation of their monitoring device.

6. Plaintiffs' Counsel seek appointment of Plaintiffs Alanna Dunn, Adam Day, Jason Wilson, Cameron Leonard, and Eric Zeider to represent the Class.

7. Plaintiffs' Counsel do not seek appointment of plaintiff Reginald Haymon as a Class Representative. However, Plaintiff Haymon maintains his individual claims against Defendant as asserted in the First Amended Complaint.

8. Plaintiffs further request that the Court appoint Hughes Socol Piers Resnick & Dym, Ltd., Justice Catalyst Law, Akeeb Dami Animashaun, and Merriman Legando Williams & Klang, LLC (collectively, "Plaintiffs' Counsel") as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

---

[1] *See* testimony of County's Rule 30(b)(6) representative regarding when Cleveland and County Detainees become entitled to release. (Pls.' Mem., Ex. 17, 14:2-15:18; 117:2-14)

[2] CCSD's Release of Inmate Procedure instructs staff: "If no Hold is listed in the Hold Field, proceed with the release procedure." (Pls.' Mem., Ex. 44, 3 ¶ G(1))

WHEREFORE, Plaintiffs respectfully request that the Court certify this case as a class action pursuant to Rule 23, appoint the named Plaintiffs (Dunn, Day, Wilson, Leonard and Zeider) as Class Representatives, and appoint Plaintiffs' Counsel as Class Counsel.

Dated: April 17, 2025                             Respectfully submitted,

/s/ *Kate Schwartz*

Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
(216) 522-9000
drew@merrimanlegal.com

Kate Schwartz
Caryn Lederer
Emily Brown
HUGHES SOCOL PIERS RESNICK & DYM LTD.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
T. (312) 580-0100
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com

Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, New York 10006
(518) 732-6703
jherold@justicecatalyst.org

Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
(929) 266-3971
dami@animashaun.me

*Counsel for Plaintiffs & Proposed Class*

4