# EXHIBIT 45

## DECLARATION OF LACEY R. KELLER

1. I am the co-founder of MK Analytics, Inc., a consulting firm that assists non-profits, governments, and law firms in using data to implement initiatives and conduct investigations and analyses. Before founding MK Analytics, I founded the Research and Analytics Department at the New York State Office of the Attorney General, the first of its kind in the nation, leading a team that employed cutting-edge data analysis in high-profile cases. As an expert witness, I have been deposed over 20 times and have provided testimony in seven trials. I am an adjunct professor at Washburn University, where I co-teach the capstone project course and teach the introductory course on data information systems, analysis, and database management. In addition to over 15 years of experience in research and analytics, I have served as a guest lecturer at Washburn University School of Business, Brooklyn Law School, Columbia Law School, Yale Law School, and the University of Missouri School of Accountancy. I hold a Master of Economics from the New School and a Bachelor of Business Administration from Washburn University.

2. I submitted an expert report in this case on January 31, 2025, and two supplemental reports, one on March 19, 2025, and one on March 24, 2025. In these reports, I standardized and merged structured and unstructured files produced by the county of Cuyahoga, Ohio, the city of Cleveland, Ohio, Ohio Alcohol Monitoring Systems, and Oriana House, relevant to the detention events of individuals at the Cuyahoga County Corrections Center (the "Jail") with releases during the time period between February 23, 2021, through December 31, 2023, and analyzed the time it took the Jail to release individuals who satisfied criteria (provided by Plaintiffs' Counsel) required to be part of either a No Holds custody session, a Booking Holds custody session, or a GPS Holds custody session.

3. In my March 24 Supplemental Report, I removed custody sessions from my analysis where the release triggering event was a Common Pleas Release Order, and the associated docket text contained information that specified a future release date or time. I also reclassified certain actions – specifically, "capias/warrant recall completed," "prosecutor request to withdraw warrant," or "warrant withdrawn" – from release triggering events to non-release triggering event actions. I then provided updated time to release analyses after those changes were made.

4. For this declaration, Counsel has asked that I provide the number of No Holds, Booking Holds, and GPS Holds custody sessions that had a time to release of greater than 12 hours, which are as follows:

   a. 221 No Holds custody sessions had a time to release of greater than 12 hours.

   b. 33 Booking Holds custody sessions had a time to release of greater than 12 hours.

   c. 23 GPS Holds custody sessions had a time to release of greater than 12 hours.

5. The total number of custody sessions for which the time to release was greater than 12 hours for all three groups collectively is 277.

6. Since my data analysis has already been completed and I have the findings in raw format, I can provide any information this Court may wish to consider. This includes, but is not limited to, the total number of custody sessions within or after a specific time frame, further division of the data set, or detailed information about individual or all custody sessions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 17, 2025, at Englewood, CO.

/s/ Lacey R. Keller

2