UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALANNA DUNN, REGINALD HAYMON, ADAM DAY, ERIC ZEIDER, CAMERON LEONARD, AND JASON WILSON, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs.<br><br>    v.<br><br>CUYAHOGA COUNTY,<br><br>    Defendant. | Case No. 1:23-cv-00364<br><br>Judge Bridget Meehan Brennan |

**PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE FOUR ADDITIONAL WITNESSES AND EXTEND THE CLOSE OF FACT DISOCVERY BY FOUR WEEKS**

Pursuant to Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure and Section C of this Court's Initial Standing Order (ECF No. 3), Plaintiffs, by their undersigned counsel, hereby move for leave to: (a) depose up to four additional fact witnesses and (b) extend the close of fact discovery by four weeks, to June 18. If the Court declines to grant this Motion in full, Plaintiffs' alternatively request leave to depose additional witnesses by the current May 21 deadline for the close of fact discovery, and for any further relief encompassed by this Motion that the Court deems just and appropriate. Plaintiffs bring this Motion at the present time because Defendant did not originally oppose them taking more than ten depositions (they have already taken 13) and Defendant was considering Plaintiffs proposal to extend the fact discovery deadline. Very recently, however, Defendant changed its position and counsel for Defendant now opposes this Motion.

**I.  History Regarding Defendant's Witness Disclosures and Plaintiffs' Depositions**

Plaintiffs in this case allege that Defendant Cuyahoga County unconstitutionally detained them and other putative class members in the Cuyahoga County Jail ("Jail") well after the basis

1

for their pretrial detention ended, in violation of their constitutional rights to procedural and substantive due process. (ECF No. 39, First Am. Compl.) In its operative Rule 26(a) Initial Disclosures, Defendant named 42 individuals with knowledge who it may use to support its claims or defenses, in addition to listing some other categories of witnesses who it did not specifically identify by name. *See* Ex. 1 (D's Am. Supp. Initial Disclosures), pp. 1-7.

To date, Plaintiffs' counsel have deposed 13 fact witnesses, summarized as follows

- Nine (9) individuals employed by the Cuyahoga County Sherriff's Department ("CCSD"), each of whom are specifically identified in Defendant's Initial Disclosures—namely: Warden Henry, Associate Warden O'Donnell, Lieutenant Jaenke, Sergeant Boardman, Records Supervisor Palagyi, Records Clerk Brewer (who processes Cleveland release paperwork), Records Clerk Cage (who processes County release paperwork), Corrections Officer Belle (who work at the Jail's Release Desk), and Jailer Boll;

- County Common Pleas Clerk of Court, Criminal Division Manager Lawyer, who is specifically identified in Defendant's Initial Disclosures;

- Cleveland Jail Liaison Scafidi, who is specifically identified in Defendant's Initial Disclosures;

- Cleveland Municipal Court Criminal Division Director Tabor, who is encompassed by Defendant's inclusion in its Initial Disclosure of the general category: "Representatives of the City of Cleveland Municipal Court;" and

- Defendant's Rule 30(b)(6) Representative

Each of these witnesses provided significant testimony on topics including but not limited to: CCSD's policies and practices for *receiving* release notifications and release paperwork; CCSD policies and practices for *processing* release paperwork; CCSD's policies and practices for *releasing* pretrial detainees whose release paperwork has been processed; third-party notifications to CCSD of past overdetentions at the Jail; the causes of past overdetentions at the Jail; and CCSD's actions and omissions after receiving notifications of overdetentions.

## II. Additional Depositions Sought by Plaintiffs

Plaintiffs request leave to depose the following additional witnesses:

**(1)** *Former Jail Administrator, Ronda Gibson*. Administrator Gibson is a critical witness because, for much of the Class Period, she was one of the most senior Jail leaders with personal knowledge of and responsibility concerning overdetentions at the Jail. Emails Defendant produced in discovery reflect that Administrator Gibson was personally notified of overdetentions at the Jail, both by representatives of Cleveland's jail (*e.g.*, ECF No. 45-24, Oct. 23, 2020, Email from Carroll to Gibson), and by the County Common Pleas Clerk of Court's Office (ECF No. 45-8, Jan. 21, 2022, Email from Byrd to Gibson). Relevant policy documents produced in discovery are also signed by Administrator Gibson (*e.g.*, ECF No. 45-44, Release of Inmate Policy). Further, Administrator Gibson's subordinate, Warden Henry, identified Gibson as "the lead person" responsible for communicating with Cleveland regarding overdetentions until such time as Gibson was "getting ready to retire." (ECF No. 45-10, Henry Dep., 57:19-58:14)

Notably, last month, Defendant's counsel was working cooperatively with Plaintiffs' counsel to make Administrator Gibson available for a Zoom deposition. *See* Ex. 2 (Mar. 4, 2025, Email). Since then, however, Defendant's counsel has changed its position and indicated that it opposes Plaintiffs taking any further depositions absent leave of Court.

**(2)** *Cleveland 30(b)(6) Representative.* Plaintiffs seek this deposition because after deposing two Cleveland witnesses in their individual capacities—Cleveland Municipal Court, Criminal Division Director Tabor and Cleveland Jail Liaison Scafidi—Plaintiffs require additional testimony on certain topics, including the Cleveland Police Department's policies and practices regarding communicating release dispositions to the Jail; the duties and responsibilities of Cleveland Bailiffs; and the capabilities of Cleveland's criminal case management system, Odyssey. Further, in the recent past, Defendant's counsel indicated that Defendant is likely to seek a Rule 30(b)(6) deposition of Cleveland before the close of fact discovery. Should Defendant do so,

Plaintiffs should be permitted to provide some of the Rule 30(b)(6) topics and split the witness's deposition time.

**(3)** ***Release Desk Employee.*** Plaintiffs have had the opportunity to depose one CCSD Corrections Officer who works at the Jail's Release Desk—Officer Belle—but another Release Desk Corrections Officer deposition is warranted for several reasons. First, there are at least three different Release Desk posts—Officer, LEADS Officer, and Escort Officer (ECF No. 45-20, Release Desk Post Order). Second, in her deposition, Officer Belle was often argumentative and refused to provide direct answers to straightforward questions. (*See e.g.* ECF No. 45-28, Belle Dep., 36:19-40:24) Third, Defendant named seven (7) other Release Desk employees in its Initial Disclosures who Plaintiffs have not deposed, *see* Ex. 1, p. 6, ¶ 18, and Plaintiff only seeks to depose one (1) additional employee from that category. Finally, if granted leave, Plaintiffs' counsel would depose one of the two Release Desk employees who Defendant identified as having also held the Jailor [sic] position, because Defendant identified 17 such employees, and Plaintiff has deposed only one. *See id.*, pp. 5-6, ¶ 17.

**(4)** ***Dr. Joseph H. Baskin***. The first time Defendant formally identified Dr. Baskin was in Amended Supplemental Initial Disclosures it served on April 15, 2025 (Ex. 1, p. 4, ¶ 13)—two days before Plaintiffs' deadline to file their Motion for Class Certification. Less than one week earlier, on April 9, Defendant's counsel informally told Plaintiffs' counsel by email that Defendant would be "using Dr. Baskin" concerning a purported Metro Health policy, which Defendant raised as an issue for the first time following its March 20, 2025, deposition of Plaintiff Adam Day. In response to Defendant's April 15 Amended Initial Disclosures, Plaintiffs stated that to the extent Dr. Baskin would be providing an affidavit for Defendant's Class Certification Response on May 1, Plaintiffs wish to depose him beforehand. Defendant's counsel responded by stating that Dr.

4

Baskin must be subpoenaed, and that Defendant opposes Plaintiffs taking any more depositions absent leave of court.

Counsel for the parties met and conferred by phone on April 21, 2025, regarding this motion generally and the potential deposition of Dr. Baskin specifically. At the time, Defendant's counsel stated that he was fairly certain that he would not be able to get a declaration from Dr. Baskin for its Class Certification response, but he acknowledged he was actively seeking to do so and planned to use him in support of a summary judgment motion.

Notably, if the Court grants Plaintiffs leave to take these four additional depositions, Plaintiffs will still only have had the opportunity to depose 40% of the 42 witnesses Defendant identified that it may use to support its claims and defenses in this case.

### III. Basis for Four Week Extension Sought by Plaintiffs

Plaintiffs' counsel acknowledges this Court's statement in its September 18, 2024, minute entry that "any further request for an extension of the deadlines" set by that order "will likely be denied."[1] However, Plaintiffs seek a modest four-week extension of time to complete the four fact witness depositions they seek leave to take in this Motion (as well as to complete Plaintiffs' Rule 30(b)(6) deposition of the County, which the parties previously agreed to continue as to two discreet topics for which the County is designating a second representative). This is Plaintiffs' first request for an extension of time since the Court's September 18 Order and granting it will not affect any of the other deadlines set by the order, including those for further expert discovery (commencing June 20, 2025) and dispositive motions (due September 19, 2025).

---

[1] Plaintiffs have acted expeditiously since this Court's September 18 Order. In the past seven months, they have completed written discovery, deposed 11 fact witnesses, defended the depositions of the six named Plaintiffs, completed pre-certification expert discovery (including submitting initial and supplemental expert reports and completing depositions) and filed their Class Certification Motion.

5

Plaintiffs seek this relief because: (1) the Parties mutually desire not to take depositions while Class Certification briefing is underway given the short time each party has to respond in opposition and reply in support, but fact discovery is currently set to close on May 21, which falls less than two weeks after Plaintiffs' deadline to file their reply on May 8; (2) as noted above, the requested extension will have no impact on any remaining deadlines; and (3) scheduling a Rule 30(b)(6) deposition of Cleveland is likely to require additional time given the need to: reach agreement on Rule 30(b)(6) topics, allow Cleveland adequate time to identify a representative capable of testifying on the specified topics, and coordinate availability among three sets of counsel and a non-party witness. Scheduling the depositions of Ms. Gibson and Dr. Baskin might also take additional time as they are no longer employed by Defendant.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion in full or, alternatively, at least grant Plaintiffs' leave to take additional depositions by the current close of fact discovery.

Respectfully submitted,

/s/ *Kate Schwartz*
Kate Schwartz
Caryn Lederer
Emily Brown
HUGHES SOCOL PIERS RESNICK & DYM LTD.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com

Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
(216) 522-9000
drew@merrimanlegal.com

Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
(929) 266-3971
animashaun@pm.me

Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, New York 10006
 (518) 732-6703
jherold@justicecatalyst.org

*Counsel for Plaintiffs & Putative Plaintiff Class*