UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALANNA DUNN, et al. | ) | Case No. 1:23-CV-00364 |
| | ) | |
| Plaintiff, | ) | Judge Bridget Meehan Brennan |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION TO STRIKE** |
| CUYAHOGA COUNTY, *et al.*, | ) | **DECLARATION OF PLAINTIFFS'** |
| | ) | **COUNSEL DAMI ANIMASHAUN** |
| Defendants. | ) | |

Defendant Cuyahoga County moves this Court for an Order striking Plaintiffs' Exhibit 4 (Doc.#45-4), which is a ten-page Declaration executed by Plaintiff's counsel, Dami Animashaun, submitted in support of Plaintiffs' Motion for Class Certification. Dami Animashaun's Declaration purports to provide his "analysis" of certain documents produced in discovery. In reality, however, it is clear that the Declaration is simply additional legal argument about the evidence in this case. As a result, it operates to provide Plaintiffs with ten (10) additional pages of legal argument that exceeds the page limits set forth in N.D. Ohio Local Rule 7.1(f).

Animashaun's Declaration is improper and should be stricken for the following reasons: (1) the Declaration is an improper attempt to circumvent the 15-page limit set forth in the Court's Local Rules and this Court's Order, dated April 8, 2025, denying the Joint Motion for Leave to Exceed the Page Limitations. *See* Doc. #43, Joint Motion for Leave to Exceed Page Limitations ….", and Court's Order, dated April 8, 2025, denying Motion for Leave to Exceed Page Limitations); (2) Plaintiffs never identified Animashaun as a fact witness in discovery in its Initial Disclosures;

1

(3) Animashaun is legal counsel for Plaintiff and is improperly inserting himself as a witness in this case in violation of Rule 3.7 of the Ohio Rules of Professional Conduct; and (4) the Declaration constitutes inadmissible testimony because it is not based upon Animashaun's personal knowledge.

Accordingly, the Court should strike Mr. Animashaun's Declaration and/or grant leave for Defendant to file an additional ten (10) page memorandum to respond to the Declaration.

          Respectfully submitted,

          MICHAEL C. O'MALLEY, Prosecuting Attorney of Cuyahoga County, Ohio

BY:   */s/ Brendan D. Healy*_____
      BRENDAN D. HEALY (0081225)
      bhealy@prosecutor.cuyahogacounty.us
      Tel: (216) 698-6447 / Fax: (216) 443-7602
      JAKE A. ELLIOTT (0093521)
      jelliott@prosecutor.cuyahogacounty.us
      Tel: (216) 443-5756
      BRIDGET E. DEVER (0102462)
      bdever@prosecutor.cuyahogacounty.us
      Phone: (216) 443-5947
      Cuyahoga County Prosecutor's Office
      1200 Ontario Street, 8th Floor
      Cleveland, Ohio 44113

      *Counsel for Defendant Cuyahoga County*

      Stephen W. Funk (0058506)
      Roetzel & Andress, LPA
      222 South Main Street, Suite 400
      Akron, Ohio 44308
      Phone: (330) 376-2700
      E-Mail: sfunk@ralaw.com

      David Sporar (0086640)
      Roetzel & Andress, LPA
      600 Superior Avenue East, Suite 1600
      Cleveland, Ohio 44114

Phone: (216) 623-0150
E-mail: dsporar@ralaw.com

*Counsel for Defendant Cuyahoga County*

## **MEMORANDUM**

**I. ANIMASHAUN'S DECLARATION IS AN IMPROPER ATTEMPT TO CIRCUMVENT THE FIFTEEN-PAGE LIMITATIONS IMPOSED BY LOCAL CIVIL RULE 7.1(f)**

Animashaun's Declaration is an improper attempt to present ten (10) pages of additional legal argument in violation of Local Civil Rule 7.1(f), which limits the parties to fifteen pages for non-dispositive motion briefing, and the Court's Order, dated April 8, 2025, denying leave to exceed this fifteen-page limitation. In an effort to exceed this page limitation, Plaintiffs filed a 4-page Motion for Class Certification (Doc.#44) and a 15-Page Memorandum in Support of their Motion for Class Certification (Doc.#45). Moreover, it filed an additional ten (10) page Declaration that sets forth additional legal argument about the evidence in the case. For example, Animashaun's Declaration contains "Plaintiffs' Counsel's analysis" of a queue sample document and legal argument about the alleged "overdetention reports" that were produced in the case. Since the County only has fifteen pages to respond to Plaintiffs' fifteen-page memorandum in support of class certification, the filing of this Declaration is improper and prejudicial to the County because it grants the Plaintiff with additional 10 pages of legal argument.

In this regard, the County cannot submit a similar declaration from one of its attorneys to respond to the legal arguments in Animashaun's Declaration. Again, this would violate Local Civil Rule 7.1(f) and this Court's April 8, 2025, Order limiting the parties to fifteen pages. Additionally, it would likely violate Ohio Rule of Professional Conduct 3.7 (Lawyer as Witness), which prohibits lawyers from serving as witnesses

4

in a lawsuit. This issue is addressed more fully in Section III below. Accordingly, Mr. Animashaun's declaration should be stricken because it is an improper attempt to exceed the fifteen-page limitation and violate this Court's Order of April 8, 2025. Plaintiffs already have been granted fifteen e pages than the County to brief the class certification issues, and they should not be granted leave to exceed this page limitation through a "declaration" from one of their attorneys.

II. **PLAINTIFFS NEVER IDENTIFIED DAMI ANIMASHAUN AS A WITNESS IN DISCOVERY.**

Animashaun's Declaration also should be stricken because Plaintiffs did not identify Dami Animashaun in their Initial Disclosures or in their Responses to Defendant's Interrogatories. Under these circumstances, Animashaun's Declaration should be stricken and not considered by this Court. *See Pullins v. NWS Michigan, Inc.*, 2008 U.S. Dist. LEXIS 128988, 2008 WL 11355516, at *4 (E.D. Mich. July 2, 2008) (refusing to consider affidavits on summary judgment from witnesses not disclosed in Rule 26(a) initial disclosures); *Sears, Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming district court's order striking affidavit of witness who was not disclosed as required by Rule 26(a)); *Caudell v. City of Loveland*, 2006 U.S. Dist. LEXIS 17971, 2006 WL 971051, at ** 2-3 (S.D. Ohio Apr. 10, 2006) (striking affidavit of witness not timely disclosed).

Plaintiff's Initial Disclosures and Amended Initial Disclosures are attached as Exhibit 1. Animashaun's name does not appear in either document. Furthermore, Animashaun's name does not appear in Plaintiffs' Interrogatory Responses. By failing

to disclose Animashaun as a witness, the County did not get an opportunity to depose him beforehand. Therefore, his declaration should be stricken from the record.

### III.  ANIMASHAUN'S ATTEMPT TO TESTIFY THROUGH THE FILING OF A DECLARATION VIOLATES RULE 3.7 OF OHIO'S RULES OF PROFESSIONAL CONDUCT.

Animashaun's declaration also should be stricken because it constitutes testimony that is not permitted by the Ohio Rules of Professional Conduct, which generally bars attorneys from serving as witnesses in cases where they are counsel of record, unless one of three exceptions apply. In particular, Ohio Rule of Professional Conduct 3.7 (Lawyer as Witness) provides as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work substantial hardship on the client.

Furthermore, Local Civil Rule 83.7, entitled "Professional Conduct and Attorney Discipline," provides that all attorneys admitted to practice in the Northern District of Ohio "shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law … ."

6

Here, the first and second exceptions do not apply because the declaration does not address the value of legal services, and the County strongly contests Mr. Animashaun's "testimony" as it contains his "opinions" and "legal analysis" of records provided in discovery. Moreover, the third section does not apply because the County does not request the disqualification of Mr. Animashaun. Instead, it is merely asking this Court to strike his declaration and preclude him from testifying as a witness in this matter. Accordingly, for this additional reason, Mr. Animashaun should not be permitted to testify as a witness in this case, and his Declaration should be stricken.

## IV. ANIMASHAUN LACKS THE PERSONAL KNOWLEDGE TO TESTIFY ABOUT THE FACTS IN HIS DECLARATION.

As noted above, Animashaun is not a fact witness in this case. He is an advocate for the Plaintiffs who lacks personal knowledge to provide factual testimony in this case. This provides an additional ground for striking his Declaration. *See Lanard Toys Ltd. v. P.C. Woo Inc.*, 2000 U.S. App. LEXIS 23801, 2000 WL 1350577, at *1 (9th Cir. Sept. 19, 2000) ("In refusing to consider attorney's declaration … district court did not abuse its discretion under 28 USCS § 1746 and Fed. R. Civ. P. 56 because it was undisputed that attorney lacked personal knowledge of events to which deponent testified") (citing *Fong v. American Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir.1980). Because Mr. Animashaun lacks personal knowledge of any of the facts set forth in his Declaration, his Declaration should be stricken because it merely constitutes legal analysis about the evidence in the case that should have been incorporated in Plaintiffs' Memorandum in Support of Class Certification.

7

## V. CONCLUSION

For the above reasons, Mr. Animashaun's Declaration should be stricken from the record or, in the alternative, the Court should grant leave for the County to submit a ten (10) page Memorandum to respond to the Declaration.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney of Cuyahoga County, Ohio

BY: /s/ Brendan D. Healy
BRENDAN D. HEALY (0081225)
bhealy@prosecutor.cuyahogacounty.us
Tel: (216) 698-6447 / Fax: (216) 443-7602
JAKE A. ELLIOTT (0093521)
jelliott@prosecutor.cuyahogacounty.us
Tel: (216) 443-5756
BRIDGET E. DEVER (0102462)
bdever@prosecutor.cuyahogacounty.us
Phone: (216) 443-5947
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

*Counsel for Defendant Cuyahoga County*

Stephen W. Funk (0058506)
Roetzel & Andress, LPA
222 South Main Street, Suite 400
Akron, Ohio 44308
Phone: (330) 376-2700
E-Mail: sfunk@ralaw.com

David Sporar (0086640)
Roetzel & Andress, LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
Phone: (216) 623-0150
E-mail: dsporar@ralaw.com

*Counsel for Defendant Cuyahoga County*