**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALANNA DUNN, *et al.,* | CASE NO.   1:23-CV-0364-BMB |
| Plaintiffs, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| CUYAHOGA COUNTY, | |
| Defendant. | |

---

**DEFENDANT CUYAHOGA COUNTY'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

---

Michael C. O'Malley, Prosecuting
Attorney for Cuyahoga County, Ohio

Brendan D. Healy (0081225)
Jake A. Elliott (0093521)
Bridget E. Dever (0102462)
Assistant Prosecuting Attorneys
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Telephone:  (216) 443-7800
Facsimile:  (216) 443-7829
bhealy@prosecutor.cuyahogacounty.us
jelliott@prosecutor.cuyahogacounty.us
bdever@prosecutor.cuyahogacounty.us

Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio  44308
Telephone:  (330) 376-2700
Facsimile:  (330) 376-4577
E-mail:  sfunk@ralaw.com

David Sporar (0086640)
ROETZEL & ANDRESS LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
Telephone:  (216) 830-6821
E-mail: dsporar@ralaw.com

*Attorneys for Defendant Cuyahoga County*

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ........................................................................... 1

ARGUMENT ................................................................................................... 4

I.  PLAINTIFFS' MOTION FAILS TO SATISFY ALL OF THE APPLICABLE
     LEGAL REQUIREMENTS FOR CLASS CERTIFICATION ........................... 4

     A.   Plaintiffs Cannot Satisfy The Requirements of Rule 23(b)(3) ................ 4

           1.   Predominance ................................................................................ 5

           2.   Superiority .................................................................................... 8

           3.   Ascertainability ............................................................................ 9

     B.   Plaintiffs Have Failed To Satisfy The Requirements Of Rule 23(a) ..................... 13

           1.   Commonality ................................................................................ 13

           2.   Typicality ..................................................................................... 14

           3.   Adequacy of Representation ......................................................... 15

     C.   The Requirements for Issue Certification Under Rule 23(c)(4) Are Not Met ...... 15

CONCLUSION ................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Carter v. PJS of Parma, Inc.*, No. 1:15 CV 1545, 2016 WL 3387597 (N.D. Ohio 2016)........ 4, 11

*Chambers v. Sanders*, 63 F.4th 1092, 1101 (6th Cir. 2023).............................................. 6

*Ciccio v. SmileDirectClub, LLC*, No. 3:19-CV-00845, 2024 WL 559235 (M.D. Tenn. Feb. 12, 2024)........................................................................................................... 15

*Cody v. City of St. Louis for & on behalf of Medium Sec. Inst.*, 103 F.4th 523 (8th Cir. 2024)................................................................................................................... 7

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)............................................................ 4, 8

*Cox v. Teletech@Home, Inc.*, No. 1:14-CV-00993, 2015 WL 500593 (N.D. Ohio Feb. 5, 2015) ....................................................................................................... 14, 15

*Driver v. Marion Cnty. Sheriff*, 859 F.3d 489 (7th Cir. 2017) ........................................ 2

*Garza v. City of Sacramento*, No. 22-CV-1229-WBS-JDP, 2022 WL 2757600 (E.D. Cal. July 14, 2022)................................................................................................... 7

*Gawry v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 942 (N.D. Ohio 2009) ....................... 8

*Goldman Sachs Group, Inc. v. Ark. Teacher Retirement Sys.*, 594 U.S. 113 (2021) ................... 4

*Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511 (7th Cir. 2009)............................... 2, 6, 11

*Healey v. Louisville Metro Gov't*, No. 3:17-CV-00071, 2021 WL 149859 (W.D. Ky. Jan. 15, 2021) .................................................................................... 2, *passim*

*In re American Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996) ..................................... 13

*In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664 (6th Cir. 2020)......................... 5, 15

*In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 247 (6th Cir. 2024)............................. 5

*Lewis v. O'Grady*, 853 F.2d 1366 (7th Cir. 1988)...................................................... 1, 6

*Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541 (7th Cir. 2016)................................... 13

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618 (6th Cir. 2011)........................................................................................... 1, *passim*

*Portis v. City of Chicago, Ill.*, 613 F.3d 702 (7th Cir. 2010)...................................... 2

*Rodney v. Northwest Airlines*, 146 Fed.Appx. 783 (6th Cir. 2005)................................................. 8

*Sandusky Wellness Center v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460
    (6th Cir. 2017)....................................................................................................1, *passim*

*Schilling v. Kenton Cnty.*, No. 10-143-DLB, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011).......... 13

*Tarrify Props., LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101 (6th Cir. 2022)..................1, *passim*

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ...................................................................... 6

*Van Buren v. Abraxas Youth and Family Servs.*, No. 2:22-CV-00499, 2024 WL 510084
    (W.D. Pa. Feb. 9, 2024)......................................................................................... 10

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) ................................................. 4, 13

*West v. Tillman*, 496 F.3d 1321 (11th Cir. 2007)...................................................... 11

*Woodall v. Wayne Cnty., Mich.*. No. 20-1705, 2021 WL 5298537           (6th
    Cir. Nov. 15, 2021)...............................................................................................1, *passim*

*Wright v. City of Wilmington,* No. 13-1966, 2016 WL 356023 (D. Del. Jan. 28, 2016).............. 10

## Statutes

42 U.S.C. § 1983 ..................................................................................................................... 1

## Constitutional Provisions

United States Constitution, Article III ................................................................................ 6, 14

## Rules

Federal Rules of Civil Procedure, Rule 23 ......................................................................1, *passim*

Federal Rules of Civil Procedure, Rule 23(a) ..............................................................3, 4, 15

Federal Rules of Civil Procedure, Rule 23(b) ........................................................................ 4

Federal Rules of Civil Procedure, Rule 23(b)(1) .................................................................... 4

Federal Rules of Civil Procedure, Rule 23(b)(2) .................................................................... 4

Federal Rules of Civil Procedure, Rule 23(b)(3) ............................................................1, *passim*

Federal Rules of Civil Procedure, Rule 23(c)(4)................................................................... 15

Federal Rules of Civil Procedure, Rule 23(f)......................................................................... 3

Federal Rules of Evidence, Rule 702 ................................................................................. 12

**<u>Other Authorities</u>**

1 McLaughlin on Class Actions § 5:23 (21st ed.) ........................................................... 7

5 James Wm. Moore, Moore's Federal Practice § 23.23[2] ........................................... 13

## INDEX OF EXHIBITS

| Doc. No. | Description |
|---|---|
| 49-1 | Declaration of Kevin O'Donnell |
| 49-2 | Declaration of Kevin Boll |
| 49-3 | Declaration of Ronald Tabor |
| 49-4 | Declaration of Joseph H. Baskin, M.D. |
| 49-5 | Declaration of Sean T. Malone, Ph.D. |
| 49-6 | Malone Decl. Ex. 1 – Expert Report, dated March 7, 2025 |
| 49-7 | Malone Decl. Ex. 2 – Supplemental Expert Report, dated March 18, 2025 |
| 49-8 | Malone Decl. Ex. 3 – Curriculum Vitae of Sean T. Malone, Ph.D |
| 49-9 | Deposition of Plaintiffs' Expert, Lacey R. Keller |

## SUMMARY OF ARGUMENT

Plaintiffs' Motion for Class Certification fails to demonstrate that they can satisfy all of the mandatory <u>legal</u> requirements for class certification under Fed. R. Civ. P. 23 and binding Sixth Circuit precedent. Indeed, in asking to certify a class under Rule 23(b)(3), Plaintiffs' Motion completely <u>ignores</u> binding Sixth Circuit precedent holding that the "ascertainability," "predominance," and "superiority" requirements under Rule 23(b)(3) cannot be met "when a controlling issue requires individualized determinations ill-equipped for classwide proof." *Tarrify Props., LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101, 1106 (6th Cir. 2022) (citing *Sandusky Wellness Ctr. v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 471 (6th Cir. 2017), *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 631-632 (6th Cir. 2011), and *Woodall v. Wayne Cnty., Mich..* No. 20-1705, 2021 WL 5298537, *5-8 (6th Cir. Nov. 15, 2021)). Thus, in a recent opinion involving a putative class action against the Wayne County Jail based upon alleged *Monell* liability, the Sixth Circuit <u>reversed</u> the district court's grant of class certification because the question of whether a class member has suffered a constitutional deprivation, and whether the alleged policy of Wayne County was the direct cause of each violation were both individualized determinations that precluded class certification under Rule 23(b)(3). *Woodall*, 2021 WL 5298537, at *5-8.

Here, as in *Woodall*, the underlying constitutional claims are not capable of classwide proof because the question of whether there has been an "over-detention" under the applicable reasonableness standard requires an <u>individualized</u> factual determination for the jury to decide based upon the <u>individual</u> facts and circumstances of <u>each</u> detainee's release. *See Lewis v. O'Grady*, 853 F.2d 1366, 1372 (7th Cir. 1988). Indeed, the facts and circumstances surrounding the timing of each class member's release will vary greatly from case to case, and the question of whether an alleged county policy or practice was the direct cause of the constitutional violation

1

will vary from case to case. Thus, a class action is not appropriate for over-detention claims because "reasonableness is a standard rather than a rule, and because one detainee's circumstances differ from another's, common questions do not predominate and class certification is inappropriate" under Rule 23(b)(3). *See Portis v. City of Chicago, Ill.*, 613 F.3d 702, 705 (7th Cir. 2010); *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 515 (7th Cir. 2009).

In their Motion, Plaintiffs rely heavily on two cases – *Driver v. Marion Cnty. Sheriff*, 859 F.3d 489 (7th Cir. 2017), and *Healey v. Louisville Metro Gov't*, No. 3:17-CV-00071, 2021 WL 149859 (W.D. Ky. Jan. 15, 2021) – to support the argument that a Rule 23(b)(3) class can be certified if there is evidence of "systematic deficiencies" that caused the "over-detentions." (Doc.#45, Pl. Mem. pg. 14, PageID#336). This argument, however, grossly overstates the limited holding in *Driver*, which did ***not*** hold that a class should be certified, but simply remanded the case with instructions to "consider all issues related to the Rule 23 factors" again because the district court "did not consider whether the policies and practices existed, nor did it consider whether the evidence indicated deliberate indifference, because the court determined that it was not allowed to engage in an analysis of the merits." *Id.*, 859 F.3d at 495. All of the discussion in *Driver* about what "potentially" might be acceptable upon remand, therefore, is nothing more than dicta because the Court of Appeals never actually decided whether the ascertainability, predominance, and superiority requirements of Rule 23(b)(3) were met.

Similarly, the district court's ruling in *Healey* is distinguishable because it was decided before *Woodall*, and thus did not consider whether individualized issues for determining the elements of a *Monell* claim – clear and persistent pattern of misconduct, notice, deliberate indifference, and causation – precluded class certification under Rule 23(b)(3). Indeed, in *Healey*, the district court specifically held that "the class definitions of over-detention classes premised on a municipal policy, practice, or custom <u>should</u> contain the cause of the over-detention." *Id.*, 2021

2

WL 149859, at *17 (emphasis added).  In so doing, however, the district court <u>never</u> determined whether there was an "administratively feasible" method for determining class membership under its amended class definition, as required by Sixth Circuit precedent.  *Tarrify Props.,* 37 F.4th at 1106; *Sandusky Wellness Ctr.*, 863 F.3d at 471-472; *Woodall*, 2021 WL 5298537, at *3. [1]

For all of these reasons, therefore, this case is not suitable for class action treatment. Here, as in *Woodall*, the key, controlling issues that must be resolved in order to prove a constitutional violation and to establish *Monell* liability for each class member will require individualized determinations that are not susceptible to classwide proof.  Indeed, as the Sixth Circuit held in *Woodall*, "it is not enough to show generically that the County had a policy of acting with deliberate indifference" because each class member still must show that they were "subjected to a 'constitutional deprivation,'" and "then show a 'direct causal link' between the County's general policy of deliberate indifference and this constitutional violation." *Id.* at *6-7. Under this existing Sixth Circuit precedent, therefore, the requirements of Rule 23(b)(3) cannot be met, even if Plaintiffs could prove the existence of their five (5) alleged policies.

Plaintiffs likewise cannot satisfy the commonality, typicality, and adequacy of representation requirements of Rule 23(a). As the Sixth Circuit held in *Woodall*, the commonality and typicality requirements <u>cannot</u> be met merely by alleging that the County Jail adopted an unconstitutional policy unless the plaintiffs could prove that the alleged policy applied to *all* class members. *Id.*, 2021 WL 5298537, at *4-5. Here, Plaintiffs have presented <u>***no***</u> evidence to show that the five (5) alleged policies identified in their Motion were in fact the cause of the alleged over-detentions of the proposed class, *including the named Plaintiffs*, who, as discussed below,

---

[1]  We note that the Sixth Circuit declined to accept jurisdiction over the Rule 23(f) petition filed by the Defendant in *Healey*. Thus, there has been no appellate review of the *Healey* ruling, other than a limited review of the Rule 23(f) petition itself, which was briefed before the opinion in *Woodall*.

each have their own, separate and highly individualized challenges and defenses relating to their respective detentions that make them unable to serve as class representatives.  Accordingly, for all of these reasons, the Court should conclude that the Plaintiffs have failed to satisfy their burden of proof, and deny Plaintiffs' Motion for Class Certification.

## ARGUMENT

## I. PLAINTIFFS' MOTION FAILS TO SATISFY ALL OF THE APPLICABLE LEGAL REQUIREMENTS FOR CLASS CERTIFICATION.

It is well established that a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," and that the district court should not certify a class unless it has conducted a "rigorous analysis" to confirm that *all* of the requirements of Rule 23(a) and (b) have been met.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, 350-51 (2011).  Indeed, "[g]iven the huge amount of judicial resources expended by class actions, particular care in their issuance is required."  *Pipefitters Local 636 Ins. Fund*, 654 F.3d at 630.  As the moving party, therefore, Plaintiffs bear a heavy burden of proof.  They "must 'be prepared to prove that [the Rule 23(a) requirements] are *in fact*' met and must satisfy the Rule 23(b) requirement through 'evidentiary proof.'" *Carter v. PJS of Parma, Inc.*, No. 1:15 CV 1545, 2016 WL 3387597, *2 (N.D. Ohio June 20, 2016) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013), and *Wal-Mart*, 564 U.S. at 350).  Thus, the Court should consider "*all* evidence" that may be relevant to Rule 23 requirements, "even when that requires inquiry into the merits." *Goldman Sachs Group, Inc. v. Ark. Teacher Retirement Sys.*, 594 U.S. 113, 122 (2021).

### A. Plaintiffs Cannot Satisfy The Requirements Of Rule 23(b)(3).

In their Motion, Plaintiffs only seek to certify a class under Rule 23(b)(3), not (b)(1) or (b)(2).  As the Sixth Circuit explained in *Tarrify Props.*, Rule 23(b)(3) has three requirements – predominance, superiority, and ascertainability – that "sometimes overlap" where both class

membership and the underlying claims require individualized determinations that are not capable of classwide proof.  *Id.*, 37 F.4th at 1106 (citing *Sandusky Wellness Ctr.*, 863 F.3d at 471-472).

### 1.    Predominance

The "predominance" requirement examines whether "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Tarrify Props.*, 37 F.4th at 1105.  This analysis does not involve the mere counting of the number of common v. individual issues because there often will be common issues in any class action. Rather, as the Sixth Circuit has explained, "the key is to identify [  ] the substantive issues that will *control the outcome*, in other words, courts should 'consider how a trial on the merits would be conducted if a class were certified.'" *Sandusky Wellness Ctr.*, 863 F.3d at 468 (emphasis added).  Thus, the Sixth Circuit has held that the predominance and superiority requirements will not be met "when a <u>controlling</u> issue requires individualized determinations ill-equipped for classwide proof." *Tarrify Props.*, 37 F.4th at 1106 (citations omitted) (emphasis added).

In deciding whether a question is common or individual, the Sixth Circuit has held that the district court "must walk through each cause of action, identify the relevant elements, and evaluate which elements, if any, submit to common answers."  *In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 246-47 (6th Cir. 2024).  In so doing, the court "must determine 'how a trial on the merits would be conducted if a class were certified.'"  *In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 674 (6th Cir. 2020) (quoting *Sandusky*, 863 F.3d at 468).  Thus, when a "controlling" issue must be decided on an individualized basis, the predominance requirement is not met. *Tarrify*, 37 F.4th at 1106; *Woodall*, 2021 WL 5298537, at *5-8; *Sandusky*, 863 F.3d at 468-72.

Here, a review of the essential elements of the over-detention claim alleged in the Amended Complaint confirms that a finding of liability for each class member will require individualized determinations of whether each class member's detention was "unreasonable."

*Lewis*, 853 F.2d at 1372; *see also Portis*, 613 F.3d at 705; *Harper*, 581 F.3d at 514-515.  Indeed, if the jury finds that an individual class member's detention was not actually "unreasonable" based upon the applicable constitutional standard, then the class member will <u>not</u> have an actionable claim, and would not have Article III standing to be a member of the proposed class. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("Every class member must have Article III standing in order to recover individual damages" because 'Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.'") (citations omitted).  Moreover, because the County cannot be held liable under *Monell* unless a class member proves that he or she suffered a constitutional deprivation, the question of whether a detainee suffered a constitutional deprivation is clearly a "controlling" issue that must be individually determined in order to resolve each class member's claim.  *Chambers v. Sanders*, 63 F.4th 1092, 1101-1102 (6th Cir. 2023) ("[t]here can be no liability under *Monell* without an underlying constitutional violation").  Accordingly, as in *Woodall*, the predominance requirement is not met because the County cannot be liable for each class member's claim unless they can each prove a constitutional deprivation <u>and</u> can satisfy the four (4) elements for *Monell* liability.

Plaintiffs argue that the predominance requirement can be met in this case because the question of whether the County engaged in "systematic" policies and practices is a "common" issue capable of classwide proof.  While the County strongly disputes that the Plaintiffs' *allegations* of a systematic "policy" or "practice" can be proven based upon the anecdotal evidence cited in Plaintiffs' Motion, their argument ignores the Sixth Circuit's ruling in *Woodall*, which held that a class based upon a "inaction theory" of *Monell* liability *cannot* be certified under Rule 23(b)(3) because there are elements of a *Monell* claim – "notice," "deliberate indifference," and "causation" – that all involve <u>individualized</u> issues that cannot be answered <u>for all class members</u> through classwide proof.  *Woodall*, 2021 WL 5298537, at *6-7.  Indeed, while

6

anecdotal evidence cited by Plaintiffs' Motion does not actually establish a systematic policy or practice, and is not sufficient to satisfy the "deliberate indifference" standard for all class members, the fact remains that, even if the deliberate indifference standard were met on a classwide basis, such a showing <u>still</u> would not satisfy the predominance requirement because, as the Sixth Circuit held in *Woodall*, the "class member must also show that the class member was herself subjected to a 'constitutional deprivation,'" and "must then show a 'direct causal link' between the County's general policy of deliberate indifference and this constitutional violation." *Id.* Thus, the Sixth Circuit held in *Woodall* that class certification of the alleged *Monell* claims should be denied because "this causation question would have to be decided on an individual basis." *Id.*, 2021 WL 5298537, at *7 ("just because a policy exists does not mean it caused the particular class member's harm"); *see also Garza v. City of Sacramento*, No. 22-CV-1229-WBS-JDP, 2022 WL 2757600, *5 (E.D. Cal. July 14, 2022) (denying Rule 23(b)(3) class certification for *Monell* claim for the same reasons).[2]

*Woodall* is also relevant because it ruled that the predominance standard was not met due to the fact that individual damages could not be determined through classwide proof. *Id.*, 2021 WL 5298537, at *8. While "individualized damages determinations *alone* do not make individual issues predominate over common issues," the Sixth Circuit held in *Woodall* that existence of individualized damages can preclude class certification where, as here, there are other individualized issues, such as causation, that must be answered to resolve each claim. *Id.* Indeed,

---

[2] We note that the Sixth Circuit's ruling in *Woodall* has been favorably cited in *Tarrify Properties* and by other Courts of Appeal. *See, e.g., Cody v. City of St. Louis for & on behalf of Medium Sec. Inst.*, 103 F.4th 523, 531 (8th Cir. 2024). Moreover, it is consistent with other Sixth Circuit precedent, which recognizes that class certification should be denied where there is a key, factual issue that will require individualized determinations in order to establish liability for all class members. *See Sandusky Wellness*, 863 F.3d at 467; *Pipefitters Local 636 Ins. Fund*, 654 F.3d at 631; *see also* 1 McLaughlin on Class Actions § 5:23 (21st ed.) ("the causation-related determination of whether class members were injured at all by the defendants—the fact of damage—ordinarily must be amenable to classwide disposition in order for predominance to be satisfied") (citing cases).

in *Comcast Corp.*, the Supreme Court ruled that class certification should be denied if the plaintiff fails to present a viable damages model to show that "damages are capable of measurement on a classwide basis." *Id.*, 569 U.S. at 34. Thus, the Sixth Circuit has held that the moving party "must present a damages model that functions on a class-wide basis," and that class certification should be denied "where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate." *Rodney v. Northwest Airlines, Inc.*, 146 F. App'x 783, 791 (6th Cir. 2005); *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 959 (N.D. Ohio 2009), *aff'd*, 395 F. App'x 152 (6th Cir. 2010).

Here, Plaintiffs' Motion does not present any damages model at all, let alone explain why each class member's damages would not be individualized. Indeed, it is not sufficient to use a formula to determine damages based upon the mere length of detention because any damages model must take into account all of the individualized facts and circumstances of each class member's claim in determining both the length of detention and the amount of damages. Thus, as in *Woodall*, the Court should deny class certification because Plaintiffs' Motion fails to present any evidence to show how the individualized questions of liability, causation, and damages can be proven for all class members on a classwide basis. *Id.*, 2021 WL 5298537, at *6-8; *see also Gawry*, 640 F. Supp. 2d at 959 (predominance requirement not met "because the issues of Countrywide's defenses and damage calculation are not subject to generalized proof").

### 2.    Superiority

Plaintiffs also cannot satisfy the superiority requirement. As explained in *Tarrify Props.*, a class action is not superior to "the conventional approach of resolving disputes on a case-by-case basis" if a "controlling issue requires individualized determinations ill-equipped for classwide proof." *Id.*, 37 F.4th at 1106 (citations omitted). Indeed, where, as here, the jury will

8

need to consider the individualized facts and circumstances of each class member's detention to determine (i) whether there was constitutional deprivation; (ii) whether the elements of the *Monell* claim have been met, and (iii) the amount of damages, then a class action is <u>not</u> a superior method for resolving each class member's claim. *Woodall*, 2021 WL 5298537, at *5-8.

In this regard, the Sixth Circuit's reasoning in the *Pipefitters* case is instructive. In that case, the Sixth Circuit held that the superiority requirement was not met because it was more "judicially efficient to enter a final judgment on the individual claim," and then, depending on that outcome, "the other potential class members could then decide whether to pursue an individual suit against BCBSM." *Id.*, 654 F.3d at 632. The same reasoning applies equally here. If the named plaintiffs are somehow successful in proving their individual *Monell* claims, then other potential class members could independently decide whether to pursue a Section 1983 claim against the County. And while Plaintiffs argue that individual damages would be too small to justify individual claims, this argument ignores the fact that a plaintiff can recover attorney fees in a Section 1983 action, and that *Monell* claims are filed and prosecuted all the time without being converted into a class action. The case law in fact warrants against a class action of *Monell* claims where, as here, they require individualized determinations of liability, causation, and damages. *Woodall*, 2021 WL 5298537, at *5-8. Accordingly, based upon the foregoing Sixth Circuit precedent, this Court should conclude that the superiority requirement has not been met.

### 3. Ascertainability.

As the Sixth Circuit has held, the ascertainability requirement provides that a "class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Tarrify Props.*, 37 F.4th at 1106; *Woodall,* 2021 WL 5298537, at *4; *Sandusky Wellness Ctr.*, 863 F.3d at 471. Indeed, as the moving party, it is the Plaintiffs who "must show, by a preponderance of the

evidence, that the proposed class is currently and readily ascertainable based on objective criteria and that there is a reliable and administratively feasible mechanism for determining whether a putative class members fall within the class definition." *Van Buren v. Abraxas Youth and Family Servs.*, No. 2:22-CV-00499, 2024 WL 510084, *3 (W.D. Pa. Feb. 9, 2024). In so doing, it is not sufficient "merely to propose a method for ascertaining a class without any evidentiary support that the method will be ***successful*.*" *Id.* at *3 (emphasis added).

Here, Plaintiffs completely fail to show how they can identify all class members through a reliable and administrative feasible mechanism. While they argue that the review of each individual file would be "minimal," this unsubstantiated suggestion is not supported by any evidence. (Doc.#45, Pl. Mem. pg. 10, PageID#332). Indeed, given that there were nearly 90,000 detainees who have been released from the Jail during the class period (O'Donnell Decl. ¶ 6), it would take years and cost millions of dollars to review each and every inmate's file. And even then, no conclusive determination about the length of detention, the reasonableness of the detention, and the cause of any alleged delay could be made if there were factual disputes. Accordingly, the Court should conclude that Plaintiffs have failed to prove that there is an "administratively feasible" method for determining class membership. *See Wright v. City of Wilmington*, No. 13-1966, 2016 WL 356023, *4 (D. Del. Jan. 28, 2016) (denying class certification because court would need to sift "through the WPD's records to determine whether individuals were detained under the circumstances identified in the plaintiffs' proposed class").

In their Motion, Plaintiffs rely heavily upon the district court's opinion in *Healey*, which certified a class of pretrial detainees that were not released within 12 hours of the posting of bond. In that case, however, the district court specifically found that "Defendants have produced no evidence that delays more than twelve hours could be because of individual issues." *Id.*, 2021 WL 149859, at *19. Here, in contrast, there is significant evidence in the record to show that a

delay of more than 12 hours can be due to a number of valid, individualized reasons. (Doc.#49-1, O'Donnell Decl. ¶ 11-13, ¶47-62); (Doc.#49-5, Malone Decl., Doc.#49-6, Malone Expert Report, pp. 6-18, Doc. #49-7, Supp. Expert Report, pp. 2-9). For example, delays may result from practical difficulties in locating an inmate's personal property, the refusal of an inmate to leave the jail, the inability to enroll an inmate into a halfway house or drug/alcohol facility, or due to medical issues that require that the Jail to ensure that there is continuity of care, transfer to a hospital, or approval of the release by a medical professional. (Doc.#49-1, O'Donnell Decl. ¶ 11-12); (Doc.#49-4, Declaration of Joseph H. Baskin, MD, ¶ 10-13). Moreover, there can be delays due to the need to clarify vague or inconsistent court orders, bonds, or charging documents. (Doc.#49-1, O'Donnell Decl. ¶ 47-62). The number of persons who may fall into one or more of these categories, in fact, cannot be determined without reviewing each inmate's file. (*Id.* at ¶ 13). Thus, given that the applicable standard requires an individualized inquiry into the fact and circumstances of each detention, it would violate existing precedent to adopt a bright-line rule that any detention over 12 hours is *per se* unreasonable. *Harper*, 581 F.3d at 515.[3]

Indeed, in certifying a class of pretrial detainees that were not released within 12 hours, the district court in *Healey* recognized that the class definition "should contain the ***cause*** of the over-detention." *Id.* at *17 (emphasis added). Otherwise, the class definition would be overly broad because it "would include members who have not suffered harm at the hands of the defendant." *Carter*, 2016 WL 3387597, at *2. Thus, it would be improper to adopt a class definition that did not contain the alleged cause because otherwise the class would wrongfully include persons who were detained for more than 12 hours due to other non-culpable reasons,

---

[3] Contrary to Plaintiffs' suggestion, no County witness has testified that the release process should always be less than 6 hours in all cases. While Plaintiffs rely heavily upon the testimony of Warden Michelle Henry that the process "should" take no more than 6 hours, Henry is not involved in the day-to-day operations of the Release Desk, and does not have personal knowledge about how long the release process takes in all cases.

including negligence or human error.  *See West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) ("negligence is insufficient to show a violation of West's due process rights").

Here, Plaintiffs' class definition does <u>not</u> include any language to limit the class only to persons whose release was delayed as a result of one of the five (5) alleged policies or practices alleged in the Motion.  Even if the class definition were amended, however, the undisputed fact remains that the issue of causation is inherently an <u>individualized</u> issue that cannot be determined without reviewing the facts and circumstances of each release.  (Doc.#49-1, O'Donnell Decl. ¶ 11-13, ¶ 47-62); (Doc.#49-6, Malone Report, pp. 6-18); (Doc.#49-7, Malone Supp. Report, pp. 2-9).  Indeed, in amending the class definition, the district court in *Healey* never actually identified an administratively feasible method for determining class membership under the amended class definition. Thus, a review of post-certification docket in *Healey* confirms that the parties ultimately were <u>never</u> able to develop an administrative feasible method for identifying the class members, other than reviewing the individual files of 200,000-300,000 detainees.  (*See* PACER Docket of W.D. of Ky., No. 3:17-CV-00071, Doc.#210, Hrg. Transcript filed 12/10/24).

Here, Plaintiffs' Motion also does not show that there is a reliable and administratively feasible method for determining class membership, other than reviewing individual case files. While they have retained a data analyst to determine the purported <u>length</u> of each detention, her expert report is unreliable because it is based upon limited data that does not take into account the individual facts and circumstances of each case, and does not determine the cause of the alleged delay.  (Doc.#49-9, Keller Dep. pp. 46, 57-60).  Indeed, as set forth in Defendant's Motion to Limine (Doc.#50), Keller's report should be excluded because it does not satisfy the reliability standards under Fed. R. Evid. 702. Accordingly, for all of these reasons, the Court should conclude that the Plaintiffs have failed to satisfy their heavy burden to show that the ascertainability requirement for a Rule 23(b)(3) class action has been met.

**B.      Plaintiffs Have Failed To Satisfy The Requirements Of Rule 23(a).**

**1.      Commonality**

Plaintiffs argue that the commonality requirement is met because they are alleging common issues relating to the County's policies and practices.  The Supreme Court has held, however, the commonality requirement is not met merely by alleging a "pattern and practice" of misconduct if "the crux of the inquiry" turns upon the individualized facts and circumstances of each claim.  *Wal-Mart Stores*, 564 U.S. at 352.  Indeed, in order to satisfy the commonality requirement, Plaintiffs must do more than allege the *existence* of specific policy, but must prove that the policy applies to *all* class members.  *Id.* at 357-359; *see also In re American Med. Sys., Inc.*, 75 F.3d 1069, 1080-81 (6th Cir. 1996) (commonality not met by alleging "in general terms that there are common issues without identifying any particular defect common to all plaintiffs").  Thus, in *Woodall*, general allegations of a "policy or custom" of "tolerating unconstitutional conduct" were not sufficient because "Plaintiffs would have to show that Wayne County's policy" applied to "all inmates."  *Id.*, 2021 WL 5298537, at *4; *see also Schilling v. Kenton Cnty.*, No. 10-143-DLB, 2011 WL 293759, *9 (E.D. Ky. Jan. 27, 2011) ("[t]he commonality requirement will not be met . . . if each class members' claim would necessitate an individualized determination of liability") (citing 5 James Wm. Moore, Moore's Federal Practice § 23.23[2]).

The same reasoning applies equally here.  As in *Woodall*, Plaintiffs have failed to show that the alleged policies and practices identified in their Motion are applicable to *all* class members.  Indeed, as previously discussed, Plaintiffs have failed to prove that the alleged policies were the actual cause of the named plaintiffs' detentions, let alone the cause of *all* detentions that lasted for longer than 12 hours.  Thus, as in *Woodall*, the commonality requirement has not been met.  *Id.*, 2021 WL 5298537, at *4; *see also Phillips v. Sheriff of Cook Cnty.,* 828 F.3d 541, 555-556 (7th Cir. 2016); *Schilling*, 2011 WL 293759, at *8-9.

13

### 2.    Typicality

The Sixth Circuit has held that a "claim is not typical if '[a] named plaintiff who proved his own claim would not necessarily have proved anybody else's claim.'" *Woodall*, 2021 WL 5298537, at *4 (citations omitted).  Moreover, the typicality requirement is not met if a named plaintiff's claim is subject to a unique defenses that will undermine his or her ability to fairly represent the interests of the class.  *See Cox v. Teletech@Home, Inc.*, No. 1:14-CV-00993, 2015 WL 500593, *7 (N.D. Ohio Feb. 5, 2015) ("unique defenses applicable only to the representative plaintiff are capable of destroying typicality and may warrant the denial of class certification").

Here, as shown by the Declarations of Kevin O'Donnell, Kevin Boll, and Ronald Tabor, the facts and circumstances of each of the over-detention claims alleged by the named Plaintiffs are unique and are not typical of the claims of other class members.  Alanna Dunn, Cameron Leonard, and Adam Day, in fact, cannot show that the alleged delay in their releases was actually longer than 12 hours because the evidence shows that they were released within hours of when the County received final confirmation that they were entitled to be released. (Doc.#49-1, O'Donnell Decl. ¶ 62-79); (Doc.#49-2, Boll Decl. ¶ 14-22, Ex. 1 and 2); (Doc.#49-3, Tabor Decl. ¶ 5-7, Ex. 1).  Moreover, Cameron Leonard and Eric Zeider both received jail-time credit for their pretrial detentions as part of their criminal sentences. (Doc.#49-3, Tabor Decl. ¶ 8-11, Ex. 2-3). Thus, all the named plaintiffs are subject to unique defenses that, if proven, would show that they are not a member of the class, they lack standing under Article III, and cannot prevail on their individual claims.  Indeed, other than listing booking and release times, Plaintiffs' Motion fails to show how any county policy was the <u>cause</u> of their alleged over-detentions. (Doc.#45, Pl. Mem., pg. 9, PageID#331). Accordingly, none of the 5 plaintiffs can satisfy the typicality requirement because they all have unique facts about their detentions, and they all have unique obstacles and defenses to overcome in order to prevail on their individual claims.  *Cox*, 2015 WL 500593, at *7.

### 3. Adequacy of Representation

In general, "a class representative's lack of typicality raises concerns about his adequacy, since he may have different incentives and interests of other class members," particularly where, as here, he is "distracted by a relatively unique personal defense" that will undermine his ability to represent the class. *Cox*, 2015 WL 500593, *7. Thus, for the reasons set forth above, none of the named plaintiffs are adequate class representatives because each of their individual claims are subject to unique challenges and defenses that undermine their ability to represent the class. *Id.*

### C. The Requirements for Issue Certification Under Rule 23(c)(4) Are Not Met.

The Court should also reject Plaintiffs' alternative request for issue certification under Rule 23(c)(4). As the Sixth Circuit has held, issue certification "does not provide an end-run around the weighty requirements of Rule 23(b)(3)." *In re Nat'l Prescription Opiate Litig.*, 976 F.3d at 675. Indeed, in this case, Plaintiffs have not actually identified the specific issues that would be subject to issue certification, or proposed any class definitions. Even if they did, however, there still would be significant problems in satisfying the mandatory requirements of Rules 23(a) and (b)(3), particularly if the class definition remains overly broad and includes persons who have not been over-detained by the County and have not suffered an actual injury, which can be answered only through an individualized determination of the facts and circumstances of each case. Thus, Plaintiffs' request for issue certification under Rule 23(c)(4) should be denied. *See, e.g., Ciccio v. SmileDirectClub, LLC*, No. 3:19-CV-00845, 2024 WL 559235, at *11 (M.D. Tenn. Feb. 12, 2024) (denying Rule 23(c)(4) certification request "because liability, at least for many claims, would require each plaintiff to show an actual injury").

## <u>CONCLUSION</u>

For all of these reasons, Plaintiffs' Motion for Class Certification should be denied.

Respectfully submitted,

_/s/  Stephen W. Funk_ _____

| | |
|---|---|
| Michael C. O'Malley, Prosecuting | Stephen W. Funk (0058506) |
| Attorney for Cuyahoga County, Ohio | ROETZEL & ANDRESS, LPA |
| | 222 South Main Street |
| Brendan D. Healy (0081225) | Akron, Ohio  44308 |

Michael C. O'Malley, Prosecuting
Attorney for Cuyahoga County, Ohio

Brendan D. Healy (0081225)
Jake A. Elliott (0093521)
Bridget E. Dever (0102462)
Assistant Prosecuting Attorneys
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Telephone:  (216) 443-7800
Facsimile:  (216) 443-7829
bhealy@prosecutor.cuyahogacounty.us
jelliott@prosecutor.cuyahogacounty.us
bdever@prosecutor.cuyahogacounty.us

Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio  44308
Telephone:  (330) 376-2700
Facsimile:  (330) 376-4577
E-mail:  sfunk@ralaw.com

David Sporar (0086640)
ROETZEL & ANDRESS LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
Telephone:  (216) 830-6821
E-mail: dsporar@ralaw.com

*Attorneys for Defendant Cuyahoga County*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2025, the foregoing *Defendant's Memorandum in Opposition to Motion for Class Certification* was electronically filed, with supporting Exhibits, via the Court's electronic filing system.  Service was accomplished upon Plaintiffs' counsel of record via the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(3).

*/s/  Stephen W. Funk*