UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Alanna Dunn, *et al.* | Case No. 1:23-cv-00364 |
| Plaintiffs | Judge Bridget Meehan Brennan |
| v. | |
| Cuyahoga County, *et al.* | |
| Defendants | |

**PLAINTIFFS' MOTION FOR LEAVE TO MAKE
REBUTTAL EXPERT DISCLOSURE BY AUGUST 13, 2025**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for leave to disclose a rebuttal expert by August 13, 2025 (prior to the close of expert discovery), in response to Defendant's expert disclosure served on July 21, 2025. In support of this Motion, Plaintiffs state as follows:

### BACKGROUND

On September 18, 2024, this Court entered an order setting new case management deadlines, which included in pertinent part, the following deadlines concerning merits expert discovery:

[1] expert reports for party bearing the burden of proof: 6/20/2025;
[2] responsive expert reports: 7/21/2025;
[3] expert discovery: 8/21/2025

Plaintiffs did not disclose any experts to support their case-in-chief on June 20, 2025. On July 21, 2025—the deadline for "responsive expert reports"—Defendant disclosed a Jail Operations Expert, Jeff Eiser, and served Mr. Eiser's expert report. Mr. Eiser opinions are, in summary, that:

> [1] the policies, procedures, and practices used by the Cuyahoga County Corrections Center (CCCC) administration and staff to verify and process the release of inmates from their custody, are adequate and consistent with the Ohio Administrative Code - Chapter 5120:1-8 Full-Service Jails and contemporary corrections industry standards and practices.

1

[2] the policies, procedures, and practices used by the CCCC administration to handle cases of employee discipline, in relation to employee errors which occurred during the verification process for the release [of] an inmate, are adequate and are consistent with the Ohio Administrative Code - Chapter 5120:1-8 Full-Service Jails, Ohio collective bargaining laws and contemporary corrections industry standards and practices.

On July 24, 2025, counsel for Plaintiffs informed counsel for Defendant that Plaintiffs intend to disclose an expert witness solely to rebut Mr. Eiser's report and asked if Defendant would stipulate to a disclosure deadline of August 13, 2025. Defendant declined to so stipulate.

**ARGUMENT**

Plaintiffs seek to disclose an expert witness solely for the limited purpose of rebutting Defendant's expert report. Plaintiffs are not seeking to submit an opening expert report and thus are not requesting relief from the June 20, 2025 deadline for such submissions. Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that absent stipulation or a court order, "if the [expert] evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" disclosures must be made "within 30 days after the other party's disclosure." Here, the scheduling order is silent as to whether and when Plaintiffs may disclose a rebuttal expert under the circumstances presented—namely, where Defendant first disclosed an opening expert report on the responsive expert report deadline, despite the report not being responsive to any prior disclosure by Plaintiffs, and Plaintiffs seek solely to rebut that report.

The "majority view" is that, pursuant to Rule 26(a)(2)(D)(ii), a party may disclose a rebuttal expert report within 30 days after the opposing party's expert disclosure when "scheduling orders do not address rebuttal expert disclosures." *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2014 WL 4415954, at *1 (E.D. Mich. Mar. 25, 2014) (citing *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274, 817 (M.D.Fla.2013) ("The [scheduling order's] failure to set a deadline for the

2

disclosure of rebuttal expert witness reports does not mean that rebuttal expert witness reports are not permitted. It simply means that rebuttal expert witness reports must be submitted within the period set forth in Rule 26(a)(2)(D)(ii).") (collecting cases)), *report and recommendation adopted*, No. 09-11912, 2014 WL 4411675 (E.D. Mich. Sept. 8, 2014). Thus, because the scheduling order does not specify a deadline for Plaintiffs to submit rebuttal expert disclosures where Defendant was the only party to serve opening expert disclosures, and did so on the deadline designated for responsive expert reports, Plaintiffs should be permitted to submit rebuttal expert disclosures within 30 days of Defendant's disclosure pursuant to "the prevailing rule . . . throughout the country," *Teledyne Instruments, Inc.*, 2013 WL 5781274, at *17, or within another timeframe set by this Court.

There is good cause for the Court to allow Plaintiffs to disclose a rebuttal expert witness before the expert discovery cutoff. "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014). Plaintiffs could not anticipate the need to rebut Mr. Eiser's opinions prior to Defendant disclosing him. As soon as Defendant made its disclosure on the responsive expert deadline date, Plaintiffs acted diligently by: (1) immediately retaining a rebuttal expert, (2) seeking Defendant's consent to disclose a rebuttal report just three days later, and (3) seeking leave of this Court just four days later (the same day Defendant declined to consent). Plaintiffs' diligence is further demonstrated by their proposal to disclose their expert and produce their expert report on August 13, 2025, just 23 days after Defendant disclosed its own expert (seven days less than the 30 days provided for responsive reports under the Case Management Order, and for rebuttal reports under Rule 26).

3

Plaintiffs' proposal allows Defendant eight days to depose Plaintiffs' rebuttal expert prior to the scheduled expert discovery cutoff on August 21, even though Plaintiff will stipulate to Defendant having additional time to depose their rebuttal expert should Defendant require it. Accordingly, there is no prejudice to Defendant. In contrast, Plaintiffs will be severely prejudiced if they are not permitted to present any expert testimony explaining why Mr. Eiser's opinions are flawed and erroneous.

## CONCLUSION

In light of Plaintiffs' diligence and the lack of prejudice to Defendant, Plaintiffs have good cause to disclose a rebuttal expert in response to the expert report of Jeff Eiser by August 13th. Plaintiffs respectfully request that, should the Court permit Defendant to respond, it also set an expedited briefing schedule to ensure that this issue is resolved by August 13th.

Respectfully submitted,

/s/ *Kate Schwartz*

Kate Schwartz
Caryn Lederer
Emily Brown
HUGHES SOCOL PIERS RESNICK & DYM LTD.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
T. (312) 580-0100
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com

Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
(929) 266-3971
dami@animashaun.me

Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
(216) 522-9000
drew@merrimanlegal.com

Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, New York 10006
(518) 732-6703
jherold@justicecatalyst.org

*Counsel for Plaintiffs & Proposed Class*